J. H. LOVEJOY & COMPANY, plaintiffs in error, *vs.* A. G. CHISOLM, defendant in error.

When A brought an action against B on a promissory note, and for the value of a bag of cotton belonging to A, but appropriated by B to his own use, and B pleaded the general issue and that the note was given for money won at cards by B's partner, and it appeared, in proof, that the note was, in part, for money won at cards, and that more money had already been paid on the note than was due upon it after deducting the gaming consideration :

*Held,* There being no plea of set-off filed, that the jury could not apply the money paid on the note to the discharge of the debt due for the bag of cotton.

Pleading. Gaming debt. Before Judge HOPKINS. Fulton Superior Court. April Term, 1871.

Chisolm sued Lovejoy and his partner upon their firm note, payable to him, for $945 and for $122, the value of a bale of cotton, which he had stored with them, as warehousemen, which they had refused to deliver on demand. Lovejoy having been adjudged a bankrupt, the cause was discontinued as to him. His partner pleaded *non assumpsit,* that he did not sign said note, nor authorize any one to do so for him, that Lovejoy made the note without his knowledge or consent, in a transaction wholly foreign to the partnership business, that the note was given solely for money won by Chisolm from Lovejoy at gaming, and that they did not have said cotton, as averred.

The plaintiff introduced the note. It had no date. He

proved that he stored a bale of cotton worth twenty-seven cents per pound with defendants.    It was admitted that the note was given in January, 1866, when Lovejoy and Ballard were partners; that the cotton weighed four hundred and fifty-four pounds, and that $80C had been paid on the note.

Plaintiff rested his cause.

For the defense, Lovejoy testified, that while he and Ballard were partners they borrowed from Willis P. Chisolm $600, and gave the firm note therefor.    A. G. Chisolm had this $600 note, saying it was his, and got Lovejoy to renew it and add to its amount $300, which he had won from Lovejoy at faro, and he afterwards paid $600 or $700 of the firm money on said note.    He denied that his firm ever had said bale of cotton.

In rebuttal, Willis P. Chisolm testified that A. G. Chisolm sold him some cotton, which he had stored with Lovejoy & Company, and they delivered all but one bale of it to him, Willis P. Chisolm, and promised to account to A. G. Chisolm for the missing bale.    Cotton was then worth from thirty to thirty-five cents per pound.

The Court charged the jury that if any part of the consideration of the note was for money won at gaming, plaintiff could not recover on the note.    If the consideration of the note was partly illegal, and defendants made a payment on it and had it applied in part satisfaction of the note, the money so applied cannot, in this case as now presented, be set-off against the claim for the cotton.    And he charged the law as to the claim for the cotton.    The jury found for defendant.

Plaintiff's counsel moved for a new trial, upon the grounds that the verdict was contrary to law, etc.    This grant of a new trial is assigned as error.

HILL & CANDLER, for plaintiff in error.    The verdict was right, and, therefore, new trial was wrong: 41 Ga. R., 130 ; 40th, 266 ; R., Code, section 3027.

L. J. GARTRELL; H. JACKSON & BROTHER, for defendant. There was no plea of set-off, and, therefore, verdict was wrong, in so far as it did not find for the cotton.

McCAY, Judge.

Our law is very liberal on the subject of pleading. Still, the statute requires both the plaintiff and defendant, the one by his declaration and the other by his plea, clearly to set forth the grounds of the suit and of the defense. And this rule is of the greater importance, now that the pleas are required to be under oath. We have never yet laid down a limit to the extent to which a jury may go in settling, by their verdict, the legal and equitable rights of the parties in a suit at law. But, for the very reason that the jury has such powers, it is the more important that the pleading shall show what the case is, upon which the jury has found. We think the Judge was right in granting a new trial. The plaintiff had a right to the defendant's sworn plea of the set-off, and to have such notice of it as that he might controvert it if in his power. True, there is evidence going to show that the plaintiff has illegally received money from the defendant, and, it may be, is liable to him for it. But perhaps the plaintiff, had the plea been filed and notice thus brought to him of this defense, might have been able to show it was not a good defense. Besides, the record must show, that this set-off was relied on. Defendant may, perhaps, sue on it. How could the plaintiff show, by this record, that he had already paid it?

Judgment affirmed.