SIMON *vs.* MYERS & MARCUS.

1. Where the names of counsel are marked on the docket for a defendant, it has been the practice of the superior courts to enter the case as answered on the call of the appearance docket. When there is no such call, the marking of the names of counsel alone at the first term is sufficient, and the general issue will be considered as filed.

(*a.*) The plea of the general issue being thus in, it may be subsequently amended by adding a plea of set-off.

2. No formal notice by the defendant to the plaintiff of the filing of a plea of set-off is necessary. When filed, it must substantially set forth the claim of the defendant, so as to be itself notice thereof.

Simon *vs.* Myers & Marcus.

(*a*) If the plaintiff be taken by surprise by the filing of the plea of set-off, or has had no notice of it, he will be granted a continuance, and costs or proper terms imposed on the defendant.

3. After the filing of a plea of set-off, the plaintiff cannot dismiss his action so as to defeat such plea.

4. Under a plea of set-off the plaintiff cannot defeat the recovery of the defendant by failing or refusing entirely to prove his own claim. The defendant may nevertheless prove his demand and er-cover against the plaintiff.

5. That a defendant has previously sued the plaintiff in the present suit, and that his suit was pending at the time of the bringing of this, will not prevent defendant from dismissing such action and then pleading his demand as a set-off to the action of the plaintiff.

Practice in Superior Court. Pleadings. Set-off. Continuance. Before Judge POTTLE. Richmond Superior Court. October Term, 1880.

To the report contained in the decision it is only necessary to add that the following were among the assignments of error in this case :

(1.) Because the court, when the case was called for trial and plaintiff's attorney moved to dismiss his case, on objection of defendants' attorney, refused to permit it to be done because of defendants having filed, February 10th, 1879, their plea of set-off. Plaintiff's attorney stated in his place, and the truth of the statement was not controverted, that he had no knowledge of the existence and filing of said plea until then, and had never been notified thereof by defendants' attorneys. It appeared, however, from the record that said plea of set-off was filed at the same time with the plea of the general issue, and the entire claim of plaintiff denied by both pleas.

(2.) Because the plaintiff, under the rulings of the court, was forced to proceed to trial upon the merits of said plea of set-off, it being a separate and distinct cause of action, but upon the understanding between counsel in open court, and with the leave of the court when defendants' attorney was about to address the jury, that in the

event of a finding in favor of defendants against the entire claims of plaintiff, and sustaining the whole amount of set-off, that the verdict should be construed by the court just as if the court was then moved to dismiss the plea of set-off of defendants, and requested to charge the jury that if all of plaintiff's claim was disallowed by the jury there could be no finding for defendants on the plea.

(3.) Because the verdict in favor of defendants against the whole amount of plaintiff's demand, and then also rendered in their favor for the entire amount of the account pleaded as a set-off, is one not authorized by the laws of this state, and rules of pleading and practice thereon; and if valid at all, it is only as against plaintiff's demand.

(4.) Because the verdict as rendered is contrary to law, and void.

(5.) Because this case, as shown by the court docket, was never answered to at the appearance term, and nothing was done by defendants' attorney except to mark their names as counsel for defendants.

(6.) Because the matter involved in the plea of set-off, as shown on the trial by the testimony of W. T. Davidson, was involved in a separate suit in another court against plaintiff, and the same was dismissed after the appearance term of this court, and then filed as a set-off in this case by defendants, so that it did not exist as to this suit when filed.

(7.) Because the court, in overruling the motion for new trial, held that a suit pending in another court in favor of Myers & Marcus against Nathan Simon at the commencement of this suit could be dismissed afterwards, and the matter pleaded as a set-off at the second term of this case, without notice, other than the marking of the plea "filed" by the clerk.

FRANK H. MILLER, for plaintiff in error.

J. S. & W. T. DAVIDSON, for defendants.

JACKSON, Chief Justice.

The plaintiff in error sued the defendants in error for $2,150.00. Defendants pleaded a set-off for $687.86. The jury found against the entire claim of plaintiff and for the entire claim of defendant, and judgment was entered accordingly. A motion was made to arrest this judgment and for a new trial, and error is assigned on the denial of both motions by the court. The grounds on which these motions are based may be reduced from the number contained in them to comparatively few, and thus analyzing and reducing them, we shall consider them as they arise in order of time.

1. The set-off was filed at the adjourned trial term of the court, and not at the first term, but the names of counsel were marked on the docket in defence of the suit at the first term, though answer was not marked by the judge opposite the case. Was this equivalent to filing a plea of the general issue at the first term?

Section 3458 of the Code declares that this plea shall be considered as filed in all cases which are answered to at the first term. The marking or entry of the names of defendants' counsel, we think, is equivalent to answering to the cause. When and where the practice has been to call the appearance docket, whenever the judge saw the names of counsel marked for defendants, he would mark "answer," and this has always been the practice in this state. So it has always been held the equivalent of answer or actually the answer to the case where it has not been the practice to call the docket. It cannot alter the rule that the judge did not call the appearance docket. The object is to let plaintiff's counsel know that the case is defended, and when they see counsel marked on the docket, they have that notice given them as well by the marking counsels' names in defense, as in the little word of the judge, "answer." It is the duty of plaintiff's counsel to look at the docket of their cases, and then they have the notice.

There has been no repeal of this law in words, nor do we think that any thing in the constitution by implication repeals it.    Of course, when made out and actually filed, it should be under oath, when required now in certain pleas, but that does not affect the legal effect of answering on the docket.    The plea of the general issue thus being in the eye of the law in, it follows that the same may be amended by building on it any other plea at any stage of the cause.    Code, §3479.    Even a plea of *non est factum* may be built upon it by amendment.    61 *Ga.*, 233, 245.    Any substantial plea may be added.    59 *Ga.*, 160.

2. No actual or formal notice of the plea is necessary.    When filed it must set out the particulars of it, so that the plaintiff may have notice when he sees the plea of what items of set-off it contains.    Such we understand to be the meaning of Judge McCay in 45 *Ga.*, 164.    There was no plea of set-off at all in that case, and hence no notice at all, and no diligence could have ascertained what plaintiff had to rebut.    Here the plea was filed.

So, too, we think is the idea of Judge Charlton in T. U. P. Charlton's R., p. 227.    The bond, the matter of the set-off, was not set out in any pleading.    And such is the Code, §3469, and the statute there codified.    Cobb's Digest p. 487.

It is true that this should be done when the answer is filed according to the statute and Code last cited, but the answer may be amended, as we have seen, by additional pleas under later enactments, and then the set-off in full with all the particulars may be pleaded and filed.    Of course the court should continue the case if plaintiff is surprised or has not had notice, and put the defendant at costs or impose other terms; and so the judge in the opinion, on the motion for a new trial states that he would have done, but no motion to continue was made.

3. The court was right not to allow plaintiff's action to be dismissed when the defendant had filed a plea of set-off.    Code, §2907.

4. In this state any number of pleas, however contradictory, may be filed; and, if so, why may not plaintiff's whole account be found barred by the statute of limitation, or otherwise illegal, and defendants' set-off be sustained. The set-off is nothing but a cross-action. 8 *Ga.*, 188-9. The plaintiff may dismiss his action, but cannot thereby interfere with the defendants' cross-action, or set-off. Code, §2907. Can he fail, or refuse, to prove his account or offer his promissory note in evidence, and thereby accomplish its defeat? Will the law permit him to do indirectly what he cannot do directly? If he cannot dismiss his action so as to defeat defendant's recovery on the set-off, can he have his claim defeated otherwise and accomplish the same purpose? We think not. Therefore, whatever may be the decisions of courts of other states, or the law elsewhere than in Georgia, in this state the law must be that, though the plaintiff fail to make out any of his claim, and be defeated in it, the defendant may go on and make out his and recover on it.

The court acquires jurisdiction by the suit of plaintiff, and then is required to hold it until justice is done between the parties. To enable defendant to put in his cross-action, the plaintiff must first sue; but after he has done that and the cross-action is filed, the court will not relax its hold on the case until their mutual rights are adjusted according to law; and if it be judicially ascertained by verdict that the plaintiff has failed to show any right to any thing as against defendant, and yet that defendant has proved that he has rights against the plaintiff, judgment will be entered accordingly.

This is the law of this state, and a just law it is. It should not be otherwise. Why, when one sues another, should the latter be forced to bring suit against the former separately, though he may know that the plaintiff's claim is unjust? Why not permit him to institute his claim and say, " I owe you nothing. I have paid all I owe you, but you owe me and I demand that you pay me the

Simon *vs.* Myers & Marcus.

debt?" But be the law just or unjust, politic or unwise, we think that we have shown it to be our law, and it must be enforced.

5. The last point to be considered is, that the defendants had their claim against plaintiff in suit before plaintiff sued them, and at the time plaintiff sued them, and dismissed it afterwards and then filed this plea of set-off; and it is insisted that, as they did not have it in such shape that they could bring their cross-action when they were sued (the claim being already in suit), they could not dismiss afterwards and file the plea in the suit at bar. This point struck my mind with force, when presented, but, on reflection, I do not think it maintainable; and my brethren, I believe, were not much troubled about it at any time. It was certainly a claim, or debt, existing at the commencement of this suit; it was not traded or transferred to anybody else, or pledged, or pawned, or parted with as collateral security, or put beyond the control of the defendants. They had sued it, but no plea of set-off, or other cause, prevented them from dismissing it when they chose to do so. They had the costs of that suit to pay—that is all. That suit was dismissed before this cross-suit was brought, so that the two were not pending at the same time. Suppose they had been brought as separate suits, it is clear that on the dismissal of the first the second could be brought, and the 2894th and 3476th sections of the Code only apply to the pendency of two suits, for the same cause of action, *at the same time.*

In reviewing the whole case, on all the assignments of error, we conclude that the court below has applied the law to the many phases which the complications of fact made for adjudication, without error, and that, too, when new and interesting legal questions had to be solved in the rapidity of motion incident to circuit practice; and the judgment rendered by the presiding judge is approved and affirmed.

Judgment affirmed.