RUSSELL, executor, *vs.* HUBBARD.

1. The striking of pleas because filed after default, and the allowance of judgment by default, are matters addressed to the sound discretion of the court, and a refusal to strike pleas and enter judgment will not be overruled, unless it appear that the discretion of the court was grossly abused.

(a.) Where there has been an entry of answer on the docket at the return term of the writ, the general issue shall be considered as filed, and that plea may be amended by filing others as a matter of right, without delay and without the payment of costs, except such as the court, in his discretion, may compel the amending party to pay his adversary, where there has been negligence in respect to the matter of amendment; and the court may further place upon him reasonable and equitable terms not touching the real merits of the cause in controversy.

2. Where a suit was brought in this state by a foreign executor, on a cause of action accruing to the testator in his lifetime, the defendant could plead a set-off, as though the action had been instituted under letters of administration granted in this state; and the statutory requirements of the state in which the administrator was appointed, as to the presentation and filing of claims against estates, would not apply to such a defence.

(*a.*) There was no suggestion of insolvency, and therefore there was no reason for such a verdict or judgment as would have been proper if *plene administravit* or *plene administravit præter* had been replied to the set-off. The verdict conforms to the pleadings. If the judgment does not conform to it, it may be amended; but no such point having been passed on below, it will not be determined here.

3. Newly discovered evidence, which is merely cumulative, and which might have been procured before the trial by the exercise of proper diligence, furnishes no ground for a new trial.

March 23, 1886.

Practice in Superior Court. Administrators and Executors. Comity. Set-off. Newly Discovered Evidence. Before Judge MARSHALL CLARKE. City Court of Atlanta. September Term, 1885.

To the report contained in the decision, it is necessary to add only that the following were among the grounds of the motion for a new trial:

(1.) Because the court refused to strike the pleas filed by the defendant, on the ground that they were filed after the defendant was in default, without leave of court and without having the default set aside or paying costs. [The declaration was filed May 13, 1884. The pleas were filed January 30, 1885. Testimony *pro* and *con* was introduced, as to whether the plea of the general issue was filed at the first term, and as to whether the name of an attorney had been marked for the defendant at the appearance term. The presiding judge held that the case was not in default, and refused the motion.]

(2.) Because the court refused to charge as follows: "It is incumbent on the defendant to show that he filed his claim, which he makes a set-off, in the office of the judge of probate of the county of administration, or presented the same to the administrator or executor within eighteen months after the same accrued, or after the grant of letters testamentary, and if he fails to do so, he cannot recover on the same against the administrator or executor herein, but said note, which is a set-off, is extinguished."

(3.) Because of newly discovered evidence of several witnesses to show that the signature attached to the note and receipts on which the defence relied was not the genuine signature of the plaintiff's testator. [There were affidavits from the witnesses as to this testimony, and from the plaintiff's attorney that he did not know of it before the trial.]

The motion was overruled, and the plaintiff excepted.

R. B. BARNES, for plaintiff in error.

MYNATT & HOWELL, for defendant.

HALL, Justice.

To this suit on a promissory note, made by the defendant on the 15th day of October, 1879, payable to the order of plaintiff's testator, who lived and died in the state of Alabama, and whose will was proved in that state, several defences were set up, and among them payment and set-off. The set-off consisted of a promissory note purporting to have been made by testator to defendant on the 29th of September, 1875, and payable to the defendant or bearer. Among the replies made to these pleas was one to the effect that, by the law of Alabama (which was in evidence), all claims against the estate of a decedent must be presented to his representative within eighteen months after the same have accrued, or after the grant of letters testamentary or administration upon the estate, or else they should be filed in the court of probate, and if so filed, they should be docketed with a note of the time of filing, etc., and in the event of a failure to do either of these things, the claim shall be forever barred. Before the expiration of this period from the grant of letters testamentary, it appears that the plaintiff commenced his suit, and that the defendant had filed his plea of set-off thereto. This was the only notice given to the plaintiff of the claim against the estate he represented. It was not pretended that it was

filed in the court of probate from which the plaintiff obtained his letters, in accordance with the laws of Alabama.

The defendant, on the trial, had a verdict for the excess claimed to be due to him from plaintiff's testator, and thereupon a motion was made for a new trial upon various grounds, which was denied, and to this judgment overruling and refusing this motion, exception was taken.

1. The motion to strike defendant's pleas and to have judgment entered in plaintiff's favor by default, was properly refused. In almost every case, the allowance of such motions is within the discretion of the court, and we will not interfere unless its exercise has been grossly abused. *Lambert vs. Smith*, 57 *Ga.*, 25; 23d rule of practice, Code, p. 1348. Where there has been an entry of answer on the docket at the return term of a writ, the general issue shall be considered as filed (Code, §3458), and that plea may be added to by filing others as amendments and as matter of right, without delay, and without the payment of costs, except such as the court, in his discretion, may compel the amending party to pay his adversary, where there has been negligence in respect to the matter of amendment; and he may further force upon him reasonable and equitable terms not touching the real merits of the cause in controversy. Code, §3482.

2. There was no error in holding that the statutory requirements of the state of Alabama, in reference to the presentation of claims against the estates of deceased persons and of notice thereof to their representatives, were inapplicable to defences set up to suits brought by them in the courts of this state. In *Swift vs. Swift, ex'r*, 13 *Ga.*, 140, it was held that a suit, brought by a foreign executor in our courts on a cause of action accruing to the testator in his lifetime, entitled the defendant to the same rights of defence as he would have had if the action had been instituted under letters of administration granted in Georgia. In *Ray vs. Dennis*, 5 *Ga.*, 357, it was held that, to a suit by an administrator, the defendant might plead a

set-off, and where the estate represented by the plaintiff was insolvent and the set-off exceeded his demand, the defendant could have judgment *quando acciderint* for the excess in his cross-action, the same as he could have had if he had been plaintiff in an original suit upon the demand set-off in answer to a suit by the administrator. There was in the present case no suggestion that the estate of plaintiff's intestate was insolvent, and therefore there was no reason for such a verdict or judgment as would have been proper had *plene administravit* or *plene administravit præter* been replied to the set-off pleaded by defendant. The verdict was not, as supposed, a departure from the pleadings, but, interpreted by the allegations of the plea, was in strict conformity to them, and if, as suggested, the judgment does not follow the verdict, it can be so amended as to make it conform. There is no exception in this particular, and it does not appear that the superior court passed upon this point, and without this, we have no authority to consider or determine it. This is not an appellate court, nor has it any original jurisdiction; its authority extends only to the correction of errors in the decisions, etc., of courts to which writs of error lie.

3. The ground of newly-discovered evidence, we think, afforded no reason to disturb the verdict. The facts disclosed by the affidavits were merely cumulative, and were such as might have been procured before the trial by the exercise of proper diligence. The plaintiff knew, or should have known, their materiality when the defence was filed, and should have been attentive in noting each step in the progress of the cause he had instituted and was prosecuting. It is no part of the policy of the courts to excuse or palliate inattention or indifference in such matters. On the contrary, they encourage vigilance and promptitude in litigants. *Vigilantibus non dormientibus jura subveniunt.*

Judgment affirmed.