FLEMING & LOFLIN *v.* SHEPHERD, and *vice versa.*

1. The court erred in granting a nonsuit, there being some evidence that the account sued on was correct and had not been paid, and it not conclusively appearing from the answers of the witness that his testimony to this effect was not from personal knowledge.
2. An affidavit of one of the plaintiffs to the correctness of the account was properly ruled out. A party cannot prove his account by his *ex parte* affidavit; though this is allowed in justices' courts, under special circumstances, by statute.
3. When the name of counsel for defendant was marked on the docket, which amounted to the filing of a plea of general issue, that was a sufficient defence under the code to put upon the plaintiffs the burden of proving their account, although there had been personal service of the declaration.
4. Where some of the answers to interrogatories or some portions of them were admissible, an objection to the answers as a whole, the illegal parts not being pointed out, was properly overruled.

   May 22, 1889.

Nonsuit. Practice. Affidavits. Service. Interrogatories. Before Judge HARRIS. City court of Macon. December term, 1888.

Reported in the decision.

CLAUD ESTES and TURNER & WILLINGHAM, for plaintiffs.

S. A. REID, for defendants.

SIMMONS, Justice.

It appears from the record in this case that Fleming & Loflin, for the use, etc., sued Shepherd on an open account. The writ was served personally upon Shepherd. No formal plea was filed by the defendant at the appearance term. Shepherd's counsel had his name marked on the docket, and demanded a trial by jury for Shepherd. The account sued on had attached thereto an affidavit of its correctness, by Loflin, one of the plaintiffs. On the trial of the case, the plaintiffs tendered this affidavit in evidence as proof of the correctness of the account. It was objected to by the de-

fendant, and the objection was sustained. The plaintiffs then tendered in evidence the interrogatories of Fleming, which were objected to by the defendant, and the objection was overruled. The plaintiffs then closed the case. On motion of the defendant, the court granted a nonsuit. The plaintiffs filed their bill of exceptions, alleging that the court erred in not allowing them to read in evidence the affidavit of Loflin as to the correctness of the account, and in granting the nonsuit, (1) because the evidence was sufficient to authorize a verdict in their favor, and (2) because there was personal service of the writ and copy of the account, and (3) because no defence had been made by the defendant as contemplated by section 3457 of the code. The defendant filed his cross-bill of exceptions, alleging error in the court's allowing the interrogatories of Fleming to be read to the jury, and insisting that the same was illegal and contrary to law, because the proof of the account was secondary, and hearsay on the part of Fleming.

1. Under the facts of this case as disclosed by the record, we think the court erred in granting this nonsuit. After he had admitted the interrogatories of Fleming over objection of counsel for the defendant, we think that he should have submitted to the jury, under proper instructions, the question as to whether the answers to the interrogatories were sufficient to prove the correctness of the account. He should have left it for them to say, taking the whole answers together, whether Fleming testified to the correctness of the account from his personal knowledge, or simply from his knowledge of the books as he kept them. Upon an examination of the answers to the interrogatories, we find that Fleming, in his answer to the second interrogatory, testifies that the account is correct, and has not been paid; and in his answer to the cross-interrogatories, that the goods were sold by

Loflin and the employés, Savage, Newman and Reynolds; and while he sold none of them himself, he had personal knowledge of the fact from being generally in and about the store and never hearing the correctness of the account disputed by the defendant, and that the defendant had been a customer of Fleming & Loflin prior to the making of this account. If the jury had believed that the witness swore to these facts from his personal knowledge, they would have been authorized to find for the plaintiff, especially as the defendant had filed no formal plea, but only had the name of his counsel marked on the docket, which, under previous rulings of this court, amounted to the plea of general issue. I think, however, that it is bad practice in any court to go into the trial of a case without requiring the pleadings to be reduced to writing. Written pleadings ought never to be dispensed with on the trial of any case in a court of record. The plaintiff has as much right to know what defence the defendant will make as the defendant has to know the plaintiff's ground of action. We think the court erred in granting a nonsuit in this case, under the facts as disclosed by the record.

2. There was no error in ruling out the affidavit of Loflin to the correctness of the account. We know of no law which allows a plaintiff to prove his account by his *ex parte* affidavit. It is allowed in justices' courts, under special circumstances, by statute.

3. When the counsel's name was marked on the docket for the defendant, which amounted to a filing of the plea of the general issue, that was a sufficient defence, under the code, to put the burden upon the plaintiffs of proving their account, although there had been personal service thereof.

4. The defendant filed his cross-bill of exceptions, alleging that the court erred in allowing the answers of Fleming to be read to the jury as evidence. We do

not think that this exception is well-taken. ' Some of
the answers, or some portions of them, were certainly
admissible. The defendant objected to the answers as
a whole, and did not point out, nor undertake to point
out to the court, the illegal parts thereof. Some parts
being admissible, we will not reverse the trial judge for
overruling the general objection to the answers as a
whole. *Fletcher* v. *Collier*, 61 *Ga.* 653; *Allen* v. *Brown*,
page 161 *ante*.

The judgment of the court below is reversed as to the
original bill of exceptions, and affirmed as to the cross-
bill.