BARRETT *et al. v.* PASCOE *et al.*

Even in an action on an unconditional contract in writing, an entry on the judge's docket of " answered," and the marking thereon of the name of defendant's counsel at the appearance term, prevents the case from being in default and is equivalent to filing a plea of the general issue, to which plea any other issuable defence, supported by the oath of the defendant, may afterwards, at any stage of the case, be added by amendment. The court may impose terms on the party applying for leave to amend, provided there has been negligence "in respect to the matter of amendment." If leave was applied for on the first day of the second term at or before the calling of the case for final disposition, this was full diligence in the matter of amending; and consequently, the right to amend was unconditional, and the court had no power to exact the payment of costs, that power, under the provisions of the statute, resting wholly on the fact of negligence.

(*a*) In this case the court erred in not granting leave to amend without requiring the payment of costs.

March 3, 1893.

Pleading and practice. Amendment. Negligence. Before Judge GOBER. Forsyth superior court. February term, 1892.

H. L. PATTERSON, for plaintiffs in error.

No appearance *contra.*

LUMPKIN, Justice.

Suit was brought against several persons on unconditional promissory notes, and at the first term the defendants appeared, and the name of their attorney was marked on the docket by the court, and the word "Ans." written opposite the case. No written or sworn

plea was filed until the first day of the trial term, when an issuable defence in writing duly sworn to was deposited with the clerk, who marked the same filed in office, the court having granted no order or leave to file such plea, and its attention having in no manner been called to the same. During that day the case was called for trial, and plaintiffs' counsel objected to the plea on the grounds, that it was not filed at the first term of the court, that he had had no notice of it, was not prepared to meet it, and that it would cause a continuance of the case. Thereupon, the court announced that it would require the defendants to pay the costs before allowing the plea, and immediately took a recess until the next morning. Upon the meeting of the court on the following day, it appearing that the costs had not been paid, the court directed the clerk to erase the entry of filing upon the plea, and upon this being done, rendered a judgment in favor of the plaintiffs for the full amounts due upon the notes in suit. This action by the court is the error complained of in the bill of exceptions.

Where the plea of the general issue has been filed at the first term, it may be amended by filing other defences at the trial term. *Howard* v. *Simpkins*, 70 *Ga.* 322. Answering the case and having the name of defendant's counsel marked on the docket at the appearance term is equivalent to filing a plea of the general issue, and this plea may be subsequently amended by adding other defences. *Simon* v. *Myers & Marcus*, 68 *Ga.* 74; *Russell, ex'r*, v. *Hubbard*, 76 *Ga.* 618. In the latter case it was ruled that : "Where there has been an entry of answer on the docket at the return term of the writ, the general issue shall be considered as filed, and that plea may be amended by filing others as a matter of right, without delay and without the payment of costs, except such as the court, in his discretion, may compel the amending party to pay his adversary, where there has been negli-

gence in the matter of amendment." It having been thus settled that the amendment offered in the case at bar should have been allowed as a matter of right, and without the payment of costs unless there was negligence on the part of the defendants in making it, the only subject of inquiry is whether or not such negligence existed.

The right to make an amendment at the second, or trial term, seems to be plain ; and as the amendment in question was filed on the very first day of that term, before the case was called, and insisted upon when the case was reached for trial, we do not perceive how the defendants could at this term have been more diligent. It seems from the cases cited, that they were not bound to file their special defences at the first term, nor is there any rule requiring defences to be filed in vacation before the second term. We are therefore clear that the trial judge erred, under the facts presented, in requiring the payment of costs as a condition precedent to allowing the amendment. It seems that he treated the case as in default ; but if he did so, this was erroneous because, as already seen, it stood as if the plea of the general issue had been regularly filed at the first term. It may be that legislation is needed on this subject, and that it would be wise to require defendants in civil cases to file at the first term all of their defences, unless prevented by some good reason from so doing ; but we cannot, until such legislation has been enacted, do otherwise than enforce the law as it now stands under the statutes and decisions of this court applicable. Under section 3479 of the code, all parties may, *as matter of right*, amend their pleadings, etc., and as ruled in *Strange, adm'r*, v. *Barrow et al.*, 65 *Ga.* 23, "there is no necessity for any action of the judge on an amendment except where the rights of the opposite party are to be affected by the negligence of the amending party." It

is only when the question of negligence arises that the provisions of section 3482 of the code are to be invoked. We do not think the negligence contemplated by that section was shown in this case.     *Judgment reversed.*