(1) SIMMONS *v.* THE SOUTHERN BANKING AND TRUST COMPANY (two cases). (2) SIMMONS *et al. v.* AUTEN.

1. The action being upon an unconditional contract in writing, and the defendant having made no defence except by having the name of his counsel marked upon the bench docket, there was no error, when the case was called for trial, in striking the defence thus made and rendering a judgment against the defendant, it appearing that the court, before doing so, offered to allow the defendant to file other and further defences, which he neglected and refused

to do. While, under the rulings of this court, marking the name of defendant's counsel upon the docket may have been equivalent to filing a plea of the general issue, which was enough to amend by, yet, if no amendment setting up an issuable defence on oath was in fact filed when the opportunity to do so was presented, as stated, there was no obstacle to the rendition of a judgment by the court against the defendant.

November 12, 1891. By two Justices.

2. The action being upon an unconditional contract in writing, the mere marking of the name of defendants' counsel upon the bench docket presented no legal obstacle to the rendition of a judgment by the court in favor of the plaintiff; the defendants, up to and including the time when the case was called for trial, having made no offer to file an issuable defence under oath.

December 4, 1891.

Actions on notes. Before Judge VAN EPPS. City court of Atlanta. January term, 1894.

SIMMONS & CORRIGAN, for plaintiff in error.

BRANDON & ARKWRIGHT, J. B. GOODWIN and J. A. ANDERSON, *contra.*

LUMPKIN, Justice.

In *Barrett et al.* v. *Pascoe et al.*, 90 *Ga.* 826, this court held, in effect, that even in an action on an unconditional contract in writing, the marking of the name of defendant's counsel upon the bench docket, at the appearance term, prevented the case from being in default, and was equivalent to filing a plea of the general issue, to which plea any other issuable defence, supported by the oath of the defendant, might afterwards, at any stage of the case, be added by amendment—subject to the imposition of such terms as the court might properly impose, in case of negligence "in respect to the matter of amendment." The decision in the case just mentioned was based upon previous rulings of this court, some of which are cited in the opinion filed in that case. The writer has always been strongly inclined to the opinion that, under paragraph 7 of section 4 of article 6 of the present constitution, which provides that "The

court shall render judgment without the verdict of a jury, in all civil cases founded on unconditional contracts in writing, where an issuable defence is not filed under oath or affirmation" (Code, §5145), it would have been better to hold that nothing short of a written plea, sworn or affirmed to by the defendant, could constitute a valid defence to an action founded upon an unconditional contract in writing; and consequently, that a mere oral answer, and the marking of the name of counsel upon the docket, would be no plea at all to such an action, nor one which could properly be regarded as a basis for amendment. What has just been said would, of course, have been applicable with reference to the similar provision in the constitution of 1868, except that there, the power of the court to render a judgment without a jury extended to "all civil cases founded on contract," where issuable defences were not filed on oath.

The *Barrett-Pascoe* case, however, followed the precedents established by repeated decisions of this court; but, so far as we are informed, this court has never yet decided that, in an action upon an unconditional written contract, simply "answering" when the case is called and having the name of counsel marked upon the docket would, of itself, constitute such a defence as would prevent the court from rendering a judgment without a jury in the plaintiff's favor. Certainly, taking these steps and doing nothing more, would not be filing an issuable defence under oath or affirmation.

In the first two of the cases with which we are now dealing, the court, before rendering judgment, distinctly offered to allow the defendant to file other and further defences, which he neglected and refused to do. In the last case, it did not appear that any such offer was made by the court, but it did appear that up to and including the time when the case was called for trial, the defendant had entirely failed to file an issuable defence under

·oath or affirmation, and that he made no offer whatever to do so. Both cases, therefore, stand substantially upon the same footing.

Surely the rule laid down in the *Barrett and Pascoe* case, and the decisions upon which that case rests, is sufficiently liberal to defendants, and goes quite far enough for their full protection. Our judgments in the present cases are, we think, not only perfectly sound upon principle, but are entirely consistent with the rule just mentioned. It is proper to add, that these cases have been decided without reference to the pleading act of December 15th, 1893; but the law announced seems to be in harmony with the spirit and purpose of that act.

*Judgment in each case affirmed.*