## Cunningham & Company *v.* Cureton.

1. Where an action not founded on an unconditional contract in writing was brought before the pleading act of 1893, having the word "answered" marked on the issue docket was, under the practice prevailing in this State, a sufficient plea of the general issue to authorize the defendant to submit his defense.

2. Where a paper which the law requires shall be attested as a mortgage on personalty in order to admit it to record, was not attested at all, the actual record of it was notice to nobody.

3. Where a promissory note was given for the purchase of personal property the title to which was therein reserved to the seller, although such note may have been executed and made payable in another State, yet where such property was brought into this State, the reservation of title in the contract of conditional sale embodied in the note was not effective against one who, in good faith, here took a mortgage upon or acquired title to the property without actual notice of such reservation, unless the contract was duly recorded as required by section 1955(a) of the code.

4. Machinery such as planers, moulders, belting, shafting and the like, placed in and attached to a mill in order to carry out the obvious purpose for which it was erected, or to permanently increase its value for use as a manufacturing establishment, and not intended to be moved about from place to place but to be permanently used with the building, becomes a part of the realty, although such machinery may be removable without injury either to itself or the building.

July 29, 1895.

Equitable petition. Before Judge Milner. Dade superior court. September term, 1894.

John W. Hixon, for plaintiffs.

B. T. Brock and R. J. & J. McCamy, for defendant.

SIMMONS, Chief Justice.

John A. Cureton, the owner of certain mill property in Dade county, Ga., executed to G. W. Cureton a mortgage covering the land on which the mill was situated, the mill and mill-dam and "all mill-fixtures." The mortgage was executed on July 13, 1891, and was recorded July 17, 1891. The mortgagor and his partner Bowman were then operating the mill, and a part of the mill machinery consisted of a planer, belting and shafting which they had purchased from Cunningham & Co. of Chattanooga, Tenn., with the understanding that the title was to remain in the vendors until the purchase price should be paid. On July 20, 1891, the mortgagor and Bowman made and delivered to Cunningham & Co. a note for the purchase price of this machinery, containing a reservation of title in the vendors until the note should be paid. On July 22, 1891, three notes containing a like reservation of title were made and delivered to Cunningham & Co. by the same parties for the purchase price of a moulder which had been shipped to them on July 13th, 1891. The moulder was attached to the floor by bolts, and all of the machinery was "placed there to stay." The notes were recorded on February 4, 1892, without probate, none of them having a subscribing witness. Subsequently G. W. Cureton, having foreclosed his mortgage, caused the mill property to be sold, and at the sale bought the property himself and took possession of it. Cunningham & Co. thereupon filed their equitable petition, alleging that the machinery which they had sold to John A. Cureton and Bowman was not covered by the mortgage given to G. W. Cureton; and praying judgment against John A. Cureton and Bowman on the notes, that a lien be declared in their favor on the machinery, superior to any other lien, that the machinery be sold in satisfaction of said lien, and that G. W. Cureton account to them for the rent of the machinery, etc.

1. The suit was filed in September, 1893. No plea or answer was filed at the appearance term, but the bench docket was marked " answered." When the case came on to be tried at the September term, 1894, it was agreed by counsel that it should be tried by the judge without a jury. The plaintiffs' counsel then moved to take judgment by default, because no answer had been filed; the motion was overruled, and to this ruling they excepted. The court did not err in overruling the motion. As the law stood prior to the adoption of the pleading act of December 15th, 1893, the marking of " answered " on the docket was a sufficient plea of the general issue to authorize the defendant to submit his defense. *Simon* v. *Myers & Marcus*, 68 *Ga.* 74; *Russell* v. *Hubbard*, 76 *Ga.* 618; *Barrett* v. *Pascoe*, 90 *Ga.* 826.

2, 3. The reservation of title in the vendors of the machinery having been recorded without due attestation or probate, the record did not operate as constructive notice to the mortgagee (Code, §§1955a, 1959); and it was admitted that he did not have actual notice prior to the execution of the mortgage. Moreover there could not be any reservation of title as against third persons, unless the contract was attested in the manner prescribed by the statute. (*Merchants Bank* v. *Cottrell, ante,* 168.) It was contended that compliance with the law of this State as to the execution and recording of such contracts was not essential, inasmuch as the notes were executed and made payable in the State of Tennessee, and were therefore governed by the law of that State, under which no writing was necessary to render the reservation of title good as against third persons. We do not agree with counsel in this contention. Where the property is brought into this State, the requirements which our law imposes for the benefit of third persons, as to the attestation and recording of such contracts, are not dispensed with by the fact that it was purchased or is to be

paid for in another State. On this subject Mr. Wharton, in his work on the Conflict of Laws (§275f), says : " It is scarely necessary to say that where the *lex situs* makes the validity of a document to depend upon a certain mode of acknowledgment and registry, these conditions must be complied with. Their omission cannot be made good by the most solemn modes of attestation and registration adopted by the State from which the document emanates." See also Story, Conf. Laws, §262.

4. It is complained that the court erred in treating the machinery in question as a part of the realty and holding that it was included in the mortgage. The mortgage, as we have seen, covered expressly not only the land and the mill, but all the "mill-fixtures." Even if it had been less specific than it was on this point, it would be held to cover everything properly embraced in the term "fixtures." When land is conveyed, whatever fixtures are annexed to the realty at the time of the conveyance pass with the estate to the vendee, unless there be some express provision to the contrary ; and fixtures pass to a *bona fide* purchaser of the real estate, notwithstanding an agreement between the owner of the land and the vendor of the fixtures that they should remain personal property. The same rules as to fixtures which apply as between vendor and vendee apply also as between mortgagor and mortgagee. 8 Am. & Eng. Enc. of Law, pp. 53, 55, 56, and cases cited. And a mortgage on the land, in the absence of any agreement to the contrary, includes not only such fixtures as are attached to the realty at the time of its execution, but such as may be annexed subsequently. *Id.* 50. Our code declares that " realty or real estate includes all lands and the buildings thereon, and all things permanently attached to either." " Anything intended to remain permanently in its place, though not actually attached to the land, such as a rail fence, is a part of the realty

and passes with it. Machinery not actually attached, but movable at pleasure, is not a part of the realty." (§§2218, 2219.) As we have seen, the machinery in question was attached to the mill, and, as appeared from the plaintiff's own evidence, was put there to remain permanently in its place as a part of the mill. A portion of it consisted of shafting and belting used in the transmission of the motive power to the rest of the machinery; and the planer and the moulder were heavy machines held in place by bolts and not intended to be moved about from place to place, but intended to be used permanently with the building. Although it might have been removed without physical injury to itself or to the building, the machinery was of a kind essential to the completeness of the mill for the purposes for which it was built and was being operated. It could not properly be regarded, therefore, as machinery " movable at pleasure," in the sense intended by the code. If this language were interpreted in a literal sense, it would apply to almost every kind of machinery, and clearly such is not the intention of the law.

In the case of *Waycross Opera House Co.* v. *Sossman,* 94 *Ga.* 100, it was held that scenery and other articles constituting the stage and scenic outfit of an opera house, though in a strict sense some of them may not be fixtures, are a part and parcel of the edifice as such, the same being essential to the completeness of a building of that class. Tested by the same rule, we think the machinery in question should be held to be a part of the realty, so far as the mortgagee is concerned. There is some conflict in the decisions of other courts on this subject, but the rule sustained by the weight of authority, we think, is, that "whatever is placed in a building subject to a mortgage, by a mortgagor or those claiming under him, to carry out the obvious purpose for which it was erected, or permanently to increase its

value for occupation or use, becomes a part of the realty, although it may be removed without injury to itself or the building." Hopewell Mills *v.* Taunton Savings Bank, 150 Mass. 519, s. c. 6 Lawy. Rep. Annot. 249, 15 Am, St. Rep. 235, and cases cited; Parsons *v.* Copeland, 38 Me. 537, s. c. 54 Am. Dec. 628; McRea *v.* Central Nat. Bank, 66 N. Y. 490; Delaware, L. & W. E. Co. *v.* Oxford Iron Co., 36 N. J. Eq. 452; Holland *v.* Hodgson, L. R., 7 C. P. 328; Ewell on Fixtures, 290 *et seq.* See also on this subject, 8 Am. & Eng. Enc. of Law, Fixtures, 43 *et seq.*; Tiedeman on Sales, §230, and cases cited.

Under the facts of this case, therefore, the court did not err in holding that the machinery in question was covered by the mortgage, and that the plaintiffs were not entitled to a lien upon it as against the mortgagee.

*Judgment affirmed.*