21958.   SCENIC HEIGHTS DEVELOPMENT
CORPORATION et al. v. HARRY et al.

Argued February 11, 1963—Decided March 7, 1963.

*W. S. Allen, George C. Kennedy, Wm. G. Grant, Robert W. Spears,* for plaintiffs in error.

*A. B. Parker,* contra.

MOBLEY, Justice. ■ Motion has been made to dismiss the writ of error on the ground that the bill of exceptions contains no proper assignment of error, the sole assignment of error being too general and indefinite to present any question for decision by this court. The bill of exceptions recites that the instant case is "a common-law action in ejectment in the fictitious form,"

that it was "returnable to the May term, 1962 of the Superior Court of Meriwether County," that "prior to the May term of said superior court, [defendant] filed its disclaimer to any land in Land Lot Number 211 of the Gill District of Meriwether County, Georgia," that "the plaintiff waived any damages or mesne profits and the court . . . without the introduction of any evidence, entered up its judgment," and that "to this ruling and judgment Scenic Heights Development Corporation excepted, now excepts, and assigns the same as error upon the ground that it was contrary to law."

It is quite clear that when a case is submitted to the trial judge without a jury and, after hearing evidence he enters judgment, an assignment of error upon that judgment that it is "contrary to law" is insufficient to present any question for a decision by this court. *Fulton County v. Philips,* 208 Ga. 795 (69 SE2d 865); *Cates v. Duncan,* 180 Ga. 289 (179 SE 121). In the *Cates* case, supra, the reason for the rule was stated to be that the court could not tell from such an assignment of error which of several possible contentions involving law and facts was being made by counsel for plaintiff in error.

The reason for the rule being inapplicable to the present case, so must the rule itself be inapplicable. The requirement of a specific assignment of error, *Code* § 6-1607, "is a rule of substance, not of words—a requirement based on sound reason, not a mere filigree of technical formula." *Patterson v. Beck,* 133 Ga. 701, 706 (66 SE 911). The bill of exceptions recites that in a common-law action in ejectment in the fictitious form in which the defendant had filed a disclaimer the trial court entered a judgment without any evidence having been introduced, which judgment is contrary to law. This, without more, indicates to us that plaintiff in error contends that it was contrary to law for the trial court in a common-law action in ejectment in the fictitious form in which the defendant had filed a disclaimer to enter a judgment without any evidence having been introduced. There is, therefore, "enough in the bill of exceptions . . . to enable the court to ascertain substantially the real questions in the case which the parties seek to have decided therein," *Code* § 6-1307, and the writ of error will not be dismissed. *Patterson*

*v. Beck,* 133 Ga. 701, supra. The motion to dismiss the writ of error is denied. The denial of the motion to dismiss the writ of error renders the question presented by the motion to amend the bill of exceptions moot and that latter motion is therefore dismissed.

■ The question for decision is: May the trial court enter judgment in an ejectment action in the common-law, fictitious form in which the defendant has filed a disclaimer without any evidence having been introduced? The answer to that question depends upon the answer to two other questions which we shall now pose and answer in turn.

(a) May a defendant in an action in ejectment in the common-law, fictitious form file a plea of the general issue? *Code* § 81-306 (Ga. L. 1893, p. 56; Ga. L. 1895, p. 46) provides: "In all cases when the defendant desires to make a defense by plea or otherwise he shall therein distinctly answer each paragraph of the plaintiff's petition, and shall not file a mere general denial, commonly known as the plea of 'general issue.' He may in a single paragraph deny or admit any or all of the allegations in any or all of the paragraphs of the petition." *Code Ann.* § 81-103 (Ga. L. 1893, p. 56; Ga. L. 1953, Nov. Sess., pp. 440, 444) provides: "All petitions in the superior courts for legal or equitable relief or both shall set forth the cause of action in orderly and distinct paragraphs, numbered consecutively; and any averment distinctly and plainly made therein, which is not denied by the defendant's answer, shall be taken as prima facie true, unless the defendant shall state in his answer that he can neither admit nor deny such averment because of the want of sufficient information. When a petition contains separate counts it is permissible for paragraphs of one count to be adopted in and made a part of another count merely by reference to the same."

A reading of those Code sections alone would lead the reader to the conclusion that a plea of the general issue cannot be filed in Georgia in any case. However, in *Brewster v. Wooldridge,* 100 Ga. 305 (28 SE 43), the defendant demurred to a petition in ejectment in the common-law, fictitious form on the ground that it did not comply with the requirement of the pleading

act of 1893 (Ga. L. 1893, p. 56), now *Code Ann.* § 81-103 and *Code* § 81-306, that the plaintiff must set forth his cause of action in orderly and distinct paragraphs numbered consecutively. This court stated: "The common law action of ejectment was not affected, nor the provisions of the code applicable thereto repealed, by the pleading act approved December 15th, 1893." The court held therefore that the action was well brought in the form employed and that the trial court erred in sustaining the demurrer.

The *Brewster* case, a full bench decision, is binding authority that a plaintiff who brings an action in ejectment in the common-law, fictitious form need not paragraph his petition in compliance with *Code Ann.* § 81-103, though that section by its very terms purports to apply to "all petitions in the superior courts for legal or equitable relief. . ." The *Brewster* case is not square authority on its facts that a defendant in an action of ejectment in the common-law, fictitious form may file a plea of the general issue, thereby disregarding the provisions of *Code* § 81-306 that "in all cases when the defendant desires to make a defense by plea or otherwise he shall therein distinctly answer each paragraph of plaintiff's petition, and shall not file a mere general denial, commonly known as the plea of 'general issue.'" Nonetheless, the rule stated by the court in arriving at its judgment is broad enough in its terms to embrace the argument of plaintiff in error that despite the provisions of the Code abolishing the plea of the general issue, a defendant in an ejectment action in the common-law, fictitious form may still today file such a plea. Furthermore, numerous physical precedents exist wherein a plea of the general issue was filed after the pleading act of 1893. See as examples: *Foy v. McCrary,* 157 Ga. 461 (121 SE 804); *Elliott v. Robinson,* 192 Ga. 682 (16 SE2d 433); *Vinson v. Cannon,* 213 Ga. 339 (99 SE2d 108). We are constrained to hold that the defendant in this case may file such a plea not only by the breadth of the language used by the court in the *Brewster* case in reaching its judgment, but by the anomalous situation which would be produced by a holding that such a plea could not be filed in this case. If, as in the present case, a plaintiff suing in ejectment in the common-law, fictitious

form takes the benefit of the rule of *Brewster v. Wooldridge,* 100 Ga. 305, supra, and does not arrange his allegations in orderly and distinct paragraphs, numbered consecutively, the defendant in such action could not comply with the requirement of *Code* § 81-306 that a defendant shall "distinctly answer each paragraph of plaintiff's petition. . ." It would be the greatest of folly for this court to suggest that the defendant should be required to distinctly answer in orderly, numbered paragraphs that which was not distinctly alleged in that form. Confining our decision to the facts of this case we hold that where, as here, in an action in ejectment in the common-law, fictitious form the plaintiff does not arrange his allegations in orderly and distinct paragraphs, the defendant may file thereto a plea of the general issue.

(b) Having ruled that defendant Scenic Heights Development Corporation will be permitted in this case to file a plea of the general issue, we proceed to determine the second question, which is: Has it filed one?

When the case of *Brewster v. Wooldridge,* 100 Ga. 305, supra, stated that "the provisions of the code" applicable to common-law ejectment were not repealed by the act of 1893, it was referring to the Code of 1882. Section 3458 of the Code of 1882 provides as follows: *"The general issue* is a denial of the allegations in the plaintiff's declaration, and *shall be considered as filed in all cases which are answered to at the first term;* and no other evidence is admissible under such plea, except such as disproves the plaintiff's cause of action; all other matters in satisfaction or avoidance, must be specially pleaded." (Emphasis ours.)

"Where an action not founded on an unconditional contract in writing was brought before the pleading act of 1893, having the word 'answered' marked on the issue docket was, under the practice prevailing in this State, a sufficient plea of the general issue to authorize the defendant to submit his defense." *Cunningham & Co. v. Cureton,* 96 Ga. 489 (1) (23 SE 420); see also *Russell v. Hubbard,* 76 Ga. 618 (1a); *Barrett v. Pascoe,* 90 Ga. 826 (17 SE 117). Further, "where the names of counsel are marked on the docket for a defendant, it has been the practice of the superior courts to enter the case as answered on the

call of the appearance docket. When there is no such call, the marking of the names of counsel alone at the first term is sufficient, and the general issue will be considered as filed." *Simon v. Myers & Marcus,* 68 Ga. 74 (1) ; see also *Fleming & Loftin v. Shepherd,* 83 Ga. 338 (3) (9 SE 789).

If on the appearance docket adjacent to the name of this case there appears either the name of counsel for defendant or the word "answered," the general issue will be considered as filed, and defendant will be entitled to submit evidence disproving the plaintiff's cause of action. Code of 1882, § 3458. There is, however, nothing in the record to show that the docket was either marked "answered" or that the names of counsel for defendant appear thereon. The record does show, however, that on the 17th of May, 1962, counsel for defendant filed in the office of the Clerk of the Superior Court of Meriwether County a plea disclaiming "any right, title, interest or right of possession to any land lying in Land Lot 211, Gill District, Meriwether County, Georgia." This plea was signed by counsel for defendant and contained the following entry by the clerk: "Filed in office the 17th. day of May, 1962. A. D. Herring, Clerk." Though the trial court held the plea defective because "of an evasive nature and offering no issuable defense," we believe that under the rules of pleading and practice applicable to the common-law, fictitious form of ejectment the filing of that plea was a sufficient appearance to allow the plea of the general issue to be considered as filed. Code of 1882, § 3458; *National Bank of Augusta v. Southern Porcelain Mfg. Co.,* 59 Ga. 157. A plea of the general issue having been before the court, it was error for the court to render judgment for the plaintiff without the submission of any evidence.

*Judgment reversed. All the Justices concur.*