## 60528. MacDONALD v. MacDONALD.

QUILLIAN, Presiding Judge.

Plaintiff-wife brought this garnishment against the defendant-husband, and the U. S. Army and Ponderosa Systems, Inc., as garnishees, for arrearages in unpaid alimony and child support. Plaintiff and defendant obtained a divorce in a prior Richmond County civil action. The defendant agreed to pay a fixed sum per month as child support plus an additional sum equal to 25 % of all net increases in defendant's compensation. Defendant's net income has increased each year but defendant has not paid to the plaintiff all of the amounts due as fixed child support and none of the support due because of increased income. The defendant's traverse of the garnishment was denied and he was found to be indebted to plaintiff in the sum of $2,500 and additional child support computed on defendant's net income. Defendant brings this appeal. *Held:*

1. The first enumeration of error alleges the trial court "erred in finding judgment in favor of the plaintiff in Garnishment . . ." The problem presented is three-fold. First, is this enumeration sufficient to set forth a question for this Court to consider? Secondly, if it is sufficient to present an issue — what issue and how many are presented? Last, what would be the merit — if any, of the issue or issues presented?

Our Code requires that the "appellant and cross-appellant shall file with the clerk of the appellate court, at such time as may be prescribed by its rules, an enumeration of the errors, which shall *set out separately each error* relied upon." (Emphasis supplied.) Code Ann. § 6-810 (Ga. L. 1965, pp. 18, 29; as amended through 1968, pp. 1072, 1077). We are further directed that "[w]here it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing, what judgment or judgments were appealed from or what errors are sought to be asserted upon appeal,

the appeal shall be considered in accordance therewith notwithstanding that the notice of appeal fails to specify definitely the judgment appealed from or that the enumeration of errors fails to enumerate clearly the errors sought to be reviewed." Code Ann. § 6-809 (d) (Ga. L. 1965, pp. 18, 29; as amended through 1972, p. 624).

(a) It is apparent that this enumeration is unduly broad and an appellant could argue any number of possible issues presented to the trial court — if we find such "shotgun" attack permissible. Code Ann. § 6-810 does require an appellant to "set out separately each error relied upon." Thus, such enumeration may contain only one error. See generally 5 CJS 100, Appeal & Error, § 1254; 5 AmJur2d 112, Appeal & Error, § 661. Any attempt to amend or enlarge an enumeration upon appeal will not be permitted. *Mullis v. Mullis,* 227 Ga. 297 (2) (180 SE2d 543); *Hurston v. Ga. Farm &c. Ins. Co.,* 148 Ga. App. 324 (2) (250 SE2d 886). Where the objection urged below is not argued here it must be treated as abandoned and where an entirely different objection or basis for appeal is argued in the brief which was not presented at trial we will not consider that basis as we are limited to those grounds presented to and ruled upon by the trial court. *Holiday Homes v. Bragg,* 132 Ga. App. 594, 597 (208 SE2d 608). We cannot consider alleged error raised for the first time in the brief (*Windsor v. Southeastern Adjustors,* 221 Ga. 329 (144 SE2d 739)) for the enumeration must fairly encompass the error alleged to have been made at trial. *Cross v. Miller,* 221 Ga. 579 (2) (146 SE2d 279). And, even though the alleged error was raised at trial, and an adverse ruling received, and it is argued in the brief, we will not consider it on appeal unless it is within the enumerated error. *Irvin v. Askew,* 241 Ga. 568 (2) (246 SE2d 682). What each of these opinions posit, in a slightly different manner, is that appellate courts review and correct errors made in the trial court. However, we will review and correct only such error as was made by the trial court, and only on the specific basis on which it was presented to the trial judge.

(b) Appellate courts have insisted that objections made at trial must be specific, and objections that are "too vague and indefinite" do not require decision by a trial court or an appellate court. *State Hwy. Dept. v. Harrison,* 115 Ga. App. 349 (3) (154 SE2d 723); *Isley v. Little,* 219 Ga. 23 (7) (131 SE2d 623). And, prior to the Appellate Practice Act (Ga. L. 1965, p. 18 et seq.) it was accepted that "mere general assignment of error on the judgment . . . that such judgment was contrary to law, was too vague and indefinite to present any question for decision by this court, except as to sufficiency of the facts . . . 'The decision complained of and the error alleged to exist therein ought to appear plainly . . . To allow a mere general assignment which, without more, would not direct the attention of the judge to the real

question, and then to hunt for something covered up in such generalities as a ground for reversal, would be very much like allowing [the court] to be ambushed. It is fair to the adverse counsel or party, in order that he may know what he must meet in this court. It is fair to this court, in order that there may be clear-cut questions for them to decide, and not an indefinite complaint for them to wander through in the search for questions to determine and errors to reverse.' [*Patterson v. Beck,* 133 Ga. 701, 704 (66 SE 911)]." *Garland v. State of Ga.,* 101 Ga. App. 395-398 (114 SE2d 176); accord, *Scenic Heights Develop. Corp. v. Harry,* 218 Ga. 695, 697 (130 SE2d 215). Thus, general assignments of error that a judgment was contrary to law was "too vague, indefinite and uncertain to present any question for decision by this court." *Grant v. Charles S. Martin Dist. Co.,* 112 Ga. App. 21, 22 (143 SE2d 517). "[E]very bill of exceptions, to be valid, must plainly specify the decision, judgment, or ruling complained of; and (2) it must clearly specify the error alleged to exist therein, and without a compliance with these requirements, this court cannot consider such general assignments of error as are contained in the general bill of exceptions." *Daniel v. Boykin,* 211 Ga. 43 (1) (84 SE2d 48).

(c) With this historical background, with the advent of the Appellate Practice Act of 1965 (Ga. L. 1965, p. 18; Code Ann. § 6-1205), have appellate practice rules changed as to the specificity required of enumerations of error? In *Wall v. Rhodes,* 112 Ga. App. 572 (1) (145 SE2d 756), we held that the Appellate Practice Act set forth a suggested form for enumeration of errors which indicated that the subject matter need be indicated only in a general way, and "where the error enumerated is not intelligible in itself the brief must make it so, or this court has nothing before it for decision." Also, "[i]n line with [the Appellate Practice Act's] directive that appeals be decided on their merits and not dismissed . . . '(w)here it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing . . . what errors are sought to be asserted upon appeal, the appeal shall be considered . . . notwithstanding . . . that the enumeration of errors fails to enumerate clearly the errors sought to be reviewed.' " *Contractors Management Corp. v. McDowell-Kelley, Inc.,* 136 Ga. App. 116 (1) (220 SE2d 473). Our Supreme Court in *Thomas v. Scott,* 221 Ga. 875 (1) (148 SE2d 300), denied a motion to strike the appellant's enumeration of error "since they both, though hazy, conform to the practically unlimited looseness authorized by the Appellate Practice Act of 1965 . . . However, while the enumerated errors are in proper form they may still be ruled insufficient or held not to be meritorious from the record." "The correct rule with respect to the legal sufficiency of any

enumeration of error is that it 'need be only sufficient to point out the error complained of . . .' [cit.] '(T)he subject matter need be indicated only in the most general way' . . ." *Adams-Cates Co. v. Marler,* 235 Ga. 606 (221 SE2d 30).

With the foregoing guidelines, is an enumeration which alleges that "[t]he Court erred in finding judgment in favor of the Plaintiff . . ." sufficiently definite and specific to designate the error appealed from? Standing alone, the enumeration is too general and vague. See generally 5 AmJur2d 108, Appeal & Error, § 658. Under the Code (§ 6-809 (d), supra) we next seek assistance from the record and the notice of appeal. Assuming — but not deciding, that the "record" includes the "transcript," the defendant has failed to furnish us with a transcript, and a review of the record reveals that in his answer the defendant denied the indebtedness and traversed the entry of garnishment and service of garnishment. The record also shows that the defendant filed a motion to dismiss based on "no cause of action," and that the garnishment action was not in the correct court. This provides us with five possible grounds for appeal but does not provide us with any guidance as to which one was the basis for the first enumerated error — which may contain only one allegation of error.

We turn next to the "notice of appeal" (Code Ann. § 6-809 (d)) for direction. The defendant states therein that "grounds for this appeal are:" (1) the court incorrectly computed his "net income," (2) the court failed to consider his "higher tax burden," (3) the court incorrectly found his "two (2) incomes" which resulted in higher taxes did not reduce his "net income," and (4) the court erred in finding $2,500 was due the plaintiff in addition to sums paid into court by the garnishees.

Finally, we turn to the brief. *Wall v. Rhodes,* 112 Ga. App. 572 (1), supra. *Wall* does not mean that the brief may supply a missing portion of the enumeration, or enlarge the enumeration — only that where the enumeration is ambiguous we may refer to extrinsic evidence to explain or clarify but not to substitute or provide a missing element. See generally 5 CJS 192, Appeal & Error, § 1285. The enumeration must furnish the descriptive key to the error alleged (*Reese v. State,* 121 Ga. App. 189 (1) (173 SE2d 351)) and then the brief may explain. The brief argues that the "whole proceeding . . . is a nullity . . . for two reasons: 1. The summons issued was a pre-judgment garnishment and required the approval and sanction of a trial judge . . . to be valid. 2. The Plaintiff in Garnishment failed to serve the . . . Defendant in garnishment by publication or any other legal method."

In summary, following the directive of Code Ann. § 6-809 (d), we have 5 possible grounds of appeal in the record, 4 different grounds of

appeal in the notice of appeal, and under *Wall,* supra — the brief explains that the bases of the first enumeration are two different grounds.

Since an enumeration of error must address error committed in the trial court, and may not be amended or changed to add another ground of appeal which was not urged before the court, and cannot be enlarged to argue another basis (theory) not made to the trial court, and must contain only one error (Code Ann. § 6-810) — where the enumerated error is so general, and does not contain a key which the brief clarifies to identify the specific error enumerated, and neither the record nor the notice of appeal assists in determining which one specific error is enumerated, we will consider only the general grounds as to the sufficiency of the facts to support the judgment. *Garland v. State of Ga.,* 101 Ga. App. 395, 398, supra; cf. *Patterson v. Beck,* 133 Ga. 701, 704, supra; *Cates v. Duncan,* 180 Ga. 289, 292 (179 SE 121); *Scenic Heights Develop. Corp. v. Harry,* 218 Ga. 695, 697, supra. The defendant has not provided us with a transcript of the trial and we must assume the findings of the trial court were authorized by the evidence. *Pugh v. Pou,* 238 Ga. 450 (2) (233 SE2d 198).

(d) "Rules of this character are made for a substantial purpose, not as mere technical pitfalls to catch the unwary. The decision complained of and the error alleged to exist therein ought to appear plainly." *Patterson v. Beck,* 133 Ga. 701, 704, supra. It is desirable that each enumeration be explicit, precise, intelligible, unambiguous, unmistakable, and unequivocal. But, a degree of generality may be tolerated. *Adams-Cates Co. v. Marler,* 235 Ga. 606, supra. This is not to be used as a sword against an appellee to enlarge or amend an enumeration of error, or to encompass bases of objection not fairly included within the legitimate parameters urged at trial, but is a shield to accommodate appeal of a specific allegation of error. See 2 EGL 95, Appeals, § 33.

2. The defendant has not argued in his brief either of the two remaining enumerations of error and they are considered abandoned. Rule 15 (c) (2) (Code Ann. § 24-3615 (c) (2)). The defendant has advised this court that he will "amend" his brief at a later date. It is permissible to file supplemental briefs. Rule 17 (a) (Code Ann. § 24-3617 (a)). But such brief may supplement only an original brief's treatment of the same subject. An additional brief may not be used to argue enumerations not argued in the original brief. *Johnson v. Heifler,* 141 Ga. App. 460 (6) (233 SE2d 853); *Belger v. Exchange Bank,* 148 Ga. App. 275, 276 (251 SE2d 22).

3. The defendant has moved this court to direct the Clerk of the trial court to transmit "two items of documentary evidence" in this case. The certificate of the clerk shows that these documents "were

not omitted from the original record" but were filed at a later date. " 'The burden is on him who asserts error to show it affirmatively by the record.' " *Hancock v. Oates,* 244 Ga. 175, 176 (259 SE2d 437). "[I]t may not be done in an enumeration of error or by assertions appearing only in a brief." *Continental Nut Co. v. Savannah Bank & Trust Co.,* 142 Ga. App. 509, 513 (236 SE2d 501). The transcript below not being forwarded, and the record not being supplemented as provided by law (Code Ann. § 6-805; Ga. L. 1965, pp. 18, 24), and this court not being permitted to consider the documents not appearing of record, defendant's evidence cannot be considered.

*Judgment affirmed. Shulman, J., concurs. Carley, J., concurs in judgment only.*

Submitted September 16, 1980 — Decided November 24, 1980.

*Walton Hardin,* for appellant.
*Roy D. Tritt,* for appellee.