No. 23.—JEFFREY SANDERS, plaintiff in error, *vs.* THOMAS N. WHITE, defendant in error.

New trial granted in Justices Court, because verdict of the Jury was not sustained by the evidence.

Certiorari, in Cherokee Superior Court. Decision by Judge TRIPPE, at October adjourned Term, 1856.

Thomas N. White sued Jeffrey Sanders and Joseph Thompson in a Justice's Court on an account for twenty-two dollars and eighty cents, "for cash paid to Clerk and Sheriff, and for balance of debt to Thomas N. White, due by said defendant." At the appearance Term, Sanders pleaded the general issue: At the trial Term, judgment was given for the plaintiff, for the amount sued for. Sanders appealed but failed to pay the cost and give security within four days, as required by law. At the May Term of the Justice's Court, both parties being present, White proposed to Sanders that he would give him a jury trial, "if he would comply with the law, and be satisfied with a jury trial, and that both parties should stand to the verdict of the jury," which Sanders agreed to do. At the June Term the case was tried. White proved by a witness, that he, witness, was at Canton with his wagon and San-

ders asked him to wait on him, that there was a man in Jail that he wanted to get out as soon as he could see White. Witness told him to be in a hurry, and when Sanders returned, Joseph Thompson and White were with him, and all rode in his wagon, and he heard Sanders tell White that if Prather did not sign the note, that he was in for it. This seemed to be the promise to pay the account upon which plaintiff relied.

Samuel Weil, defendant's attorney, raised a point upon the statute of frauds, and wished to read the law upon that subject, which the Justices would not permit him to do. The case was submitted to the jury, who found for White $22 80; and Sanders excepted on the ground, that his attorney was not allowed to read the 4th section of the statute of frauds, and because there was no evidence to sustain the verdict of the jury, and that if there was any evidence, it showed a verbal promise to pay the debt of another; and by certiorari brought the case for review before the Superior Court, and the presiding Judge of that Court ordered the certiorari to be dismissed, and Sanders by his counsel excepted.

WEIL, for plaintiff in error.

WHITE, for defendant in error.

*By the Court.*—McDONALD, J. delivering the opinion.

This Court can take no notice of the bargain between the parties, shown in the record, that if the plaintiff would allow the defendant a jury trial, he would abide the verdict, whatever it might be. The defendant's refusal to comply with his contract is no ground upon which we can refuse to determine on the case, as it properly comes up.

We have carefully examined the record, and find no evidence to sustain the verdict of the Jury. The account sued on is for costs paid Clerk and Sheriff and balance of debt

due plaintiff, White. The proof is, that defendant Sanders asked witness who was leaving town with his wagon, to wait on him, that there was a man in jail that he wanted to get out as soon as he could see White. This is certainly evidence to be submitted to the jury, and was proper and relevant to prove that Sanders wanted to employ White to get some person discharged from jail. When Sanders returned, White and Joseph Thompson were with him. There is no evidence that Thompson or any one else was in jail, or that White rendered professional services in having him discharged, nor is there the slightest proof of the value of the services. The witness states further, that he heard Sanders tell White that if Prater did not sign the note, that he Sanders was in for it. Neither the amount of the note nor the consideration for which it was to be given, nor to whom it was payable, was in proof.

We think that the Court below ought to have granted a new trial, on the ground that the verdict of the jury was contrary to evidence, and we reverse his judgment.

Judgment reversed.