JOHN HOWARD, plaintiff in error, vs. WILLIAM REEDY, defendant in error.

A possession originating in and continued under a mistake or misapprehension as to the true line which divides two lots of land, will not ripen into a statutory title.

Motion for new trial.    Decided by Judge WORRILL, in Talbot Superior Court, March Term, 1859.

In August, 1855, suit was brought by William Reedy against John Howard, for the recovery of the south half of lot of land number 131, in the 22d district of Talbot county.

On the trial, the plaintiff offered in evidence several deeds, which showed a complete paper title to said half lot. He then proved that Howard was in possession of four and a quarter acres of said half lot, lying on the north side of the same.

Defendant proved by *George Hamil* that, in January, 1844, he occupied and claimed what he considered the north half of said lot, and that plaintiff occupied what was considered the south half; that the dividing fence extended only about half way across the lot, and at the time aforesaid, plaintiff staked the line for the fence the balance of the way, and (witness thought) laid the first rail of the fence a part of the distance.    Witness laid the rest of the worm, and had the fence built as close to Reedy's stakes as he could put it, until he reached near the end of the stakes, at which point he bent the fence southwards, for convenience in joining it to another fence.    The gore thus made did not include as much as one eighth of an acre.    This fence, when completed, extended all the way across the lot, and was understood by witness to be a dividing line between himself and Reedy.    They made the fence as near the line of their respective halves as they could get it; witness believed it to be the true line, and thinks Reedy believed it to be the same.    Witness occupied and

cultivated the land on the north side of the fence, down to the fence, from the time of the division until he sold the north half of said lot, by deed, to Howard, in 1851. Witness never claimed more than half the lot of land; had a deed to half, and only sold Howard the north half. Witness claimed and occupied the ground on the north side of the fence, down to the fence, from January, 1844, until some time in 1851, when he sold to Howard. He claimed to the fence because he thought that the fence was the true line. After Howard and Reedy had disputed about the line, Reedy came to witness, and proposed to buy from witness the ground in dispute. Reedy said the ground belonged neither to him (Reedy) nor to Howard; that it belonged to witness; that witness had got it by possession. Witness replied that he did not sell Howard any more than the north half of the lot. Howard has cultivated and occupied the ground in dispute, from the time he bought the north half up to the present time; never heard Reedy say that the fence was the dividing line; witness thought it was the dividing line.

Defendant then proved by *Thomas G. Beach*, that Reedy once showed him the fence already mentioned, and told him that he (Reedy) and George Hamil run that fence for a dividing line between them; that Reedy staked it off, and helped to lay part of the worm.

Plaintiff then proved by *Sterling F. Grimes*, that Hamil sold to Howard in the fall of 1851; that soon after the sale Reedy proposed to Howard to reset the fence and put it on the line; that afterwards Reedy asked Howard why he had not complied with his promise to put the fence on the line, and Howard said he had directed his overseer to place it on the line, but the overseer had failed to do it.

Defendant plead the statute of limitations. The jury found a verdict in favor of the plaintiff for the four and a quarter acres in dispute.

Defendant moved for a new trial on the ground, that the

verdict was contrary to law, and against the evidence.    The Court below, after argument, refused the motion, and defendant excepted and now assigns said refusal for error.

SMITH & POU, for plaintiff in error.

BETHUNE; and PERRYMAN, *contra*.

*By the Court.*—LUMPKIN J. delivering the opinion.

We are unwilling to award a new trial in this case.    There is proof sufficient to support the verdict, and the Circuit Judge has refused to disturb it.

There is no proof of any actual agreement between the parties, that the line actually run should be the dividing line between them, irrespective of the true line.    The line was run under the idea, as we infer from the testimony, that it was the true line; and the occupation and claim of Howard was always based upon that ground.    His possession, therefore, originated in, and continued under, a mistake or misapprehension as to the true boundary.    Had he known the truth, we are warranted in believing. that he never would have set up a claim to the four and a quarter acres of land in dispute.    He never did claim title to but one-half of the lot.    On the contrary, after he bought he recognized the paramount title of Reedy.    He agreed, when he reset his fence, to put it upon the true line, and ascribed to his overseer the fault of failing to do so.

Judgment affirmed.