SHIELS *vs.* ROBERTS.

[This case was argued at the last term and decision reserved.]

1. On the mere question of title by virtue of duration of possession, there being no issue of *mesne* profits and equitable set-off thereto by improvements erected on land sued for, the rejection of testimony to the effect that the improvements were of little or no value, and rotten or dilapidated, is not such error as will require the grant of a new trial.

2. Where defendant showed privity of estate between him and a long line of grantors to lot No. 17 in a ward of a city, and buildings thereon obtruding some feet over on lot 18 adjoining 17, continuity of possession for more than twenty years may be proven by parol between him and his grantors—his. predecessors in the actual possession of the building thus extending over part of 18.

3. Actual possession of such strip of 18 for twenty years by the said buildings extending thereon without written title thereto, is good prescriptive title against all the world, except the state and persons not *sui juris*, unless such possession originated in fraud, and honest mistake of the true line is not fraud. The fact that the buildings stood so long over what may now be claimed to be the true line, is a conclusive presumption that the claim is not good, but that the old buildings mark the true line; especially against a purchaser who bought after twenty years occupancy, and one of whose grantors had knowledge of the buildings years before.

Evidence. Title. Prescription. Before Judge TOMP-KINS. Chatham Superior Court. May Term, 1878.

·To the report contained in the opinion it is only necessary to add the following:

Shiels brought ejectment against Roberts. The case turned upon the defense of prescriptive title by reason of twenty years' possession in himself and those under whom he claimed. The jury found for the defendant. Plaintiff moved for a new trial on the following, among other grounds:

(1). Because the court ruled out testimony showing that the structures on lot No. 18 claimed by defendant were dilapidated and of little or no value.

(2). Because the court admitted testimony tending to show that those under whom defendant claimed the title to

Shiels vs. Roberts.

lot No. 17, had always occupied and used as belonging to them that part of the building which projected on to the adjoining lot No. 18.

(3). Because the court refused to charge that "possession originating in mistake is not adverse until discovered."

(4). Because the court refused to charge that "defendant must show possession in himself, and cannot tack to his the possession of another, unless he show deeds conveying the land so held."

(5). Because the verdict was contrary to law and evidence.

The motion was overruled, and plaintiff excepted.

JACKSON, LAWTON & BASINGER, for plaintiff in error.

R. FALLIGANT, for defendant.

JACKSON, Justice.

The plaintiff held perfect written title to city lot number 18 in Gilmerville ward, Savannah; the defendant, to number 17. Defendant and those from whom he derived possessory right continuously for some twenty-six years, occupied a certain building which covered some feet over the line between 18 and 17—as testified by the surveyor from the city map. The plaintiff sued for the part of 18 thus covered by these old buildings. The jury, under the charge of the court, found for the defendant, and a new trial being refused by the superior court, the plaintiff brings the case before us.

1. We do not think that plaintiff was hurt by the refusal of the court to admit evidence touching the dilapidated condition and value of the house erected on the land in dispute, because there was no issue touching *mesne* profits before the jury, or equitable plea to set off building against *mesne* profits.

In respect to title on paper, or by prescription from possession for twenty years, it was wholly immaterial whether

the house was worth a hundred or a thousand dollars.    Did defendant have such *possessio pedis* as to work prescription, was the whole question in the case and the only issue decided by the jury.

2. The deeds to lot number 17 being in evidence, showing privity of estate between defendant and a long line of grantors to that lot, the court allowed the defendant to tack his possession of part of 18 by the buildings extending a few feet thereon, to the possession of his predecessors by parol proof that they all successively occupied the strip of 18 covered by the buildings.    We do not see how otherwise the proof could be made that as each grantor left, his grantee entered, and continuity of possession—of actual possession—was preserved.    A written transfer of the right to possess, could not show actual possession.    The right to possess is one thing, and may be shown on paper ; *possessio pedis* is another thing, and must be shown by parol evidence from some man who saw the actual entry and continuance thereof.    And so this court has held.

3. Our Code declares that " actual adverse possession of lands by itself, for twenty years, shall give good title by prescription against every one, except the state or persons laboring under the disabilities hereinafter specified," which disabilities are those of married women, minors, etc.. etc. No scrap of paper or scratch of pen is necessary.    Nothing but actual, *bona fide* possession.    I say *bona fide*, because section 2673 declares that prescription cannot originate in fraud.    Its language is " possession to be the foundation of a prescription must be in the right of the possessor and not of another ; must not have originated in fraud ; must be public, continuous, exclusive, uninterrupted and peaceable, and be accompanied by a claim of right."

This title in this case to the piece of land sued for, is clearly made out according to this statute.    Every condition is complied with, and the only point left for debate is this, must all this possession have been after the Code ?  We think not.    It was the law under a different name before

the Code. Possession of the sort prescribed in §2679 of the Code for twenty years always was a bar by the limitation laws, as held by our courts, to a suit in ejectment. Such is my own recollection of the practice before the Code, and the Chief Justice adds the weight of his longer experience to what I remember. This title by prescription is in the nature of a limitation law—a law to quiet men's estates where they have been long in possession.

The codifiers put in the Code the essence and spirit of Georgia law since 1767. Cobb's Digest, 560. He who made that Digest and its index, codified this part of our Code; and in the index to the Digest the act of 1767 is referred to in these emphatic words: "20 years possession good title." Index to Cobb's Digest, p. 1235. Therefore it is wholly immaterial that this possession started and continued sometime before the Code. Besides, it was competent for the legislature to take into account the past possession, and tack that to the future possession to make the twenty years. Just as they could enact a law that men must sue within a certain time, or right as well as remedy is gone; as they did by the limitation act of 1869. It is true these prescriptive titles are not exactly limitation laws as held by this court; but they are founded on the same principle, and identical in results.

If, as contended for by the counsel for plaintiff in error, we hold that no twenty years' possession could make a prescriptive title if it originated in mistake, we should have to add to our statute. It is true that some of our reports of decisions look that way in respect to seven years possession under written color of title. See 16 *Ga.*, 141; 20 *Ib.*, 190; 29 *Ib.*, 152; 34 *Ib.*, 290.

But no case has been found where the principle has been applied to twenty years' possession; and we do not mean so to extend the ruling.

It will never do to hold that an innocent mistake of a few feet of one's line, and the erection of costly buildings projecting over, and so standing and occupied by generations,

cannot be the origin of a prescription, but that it is so corrupt as to destroy the validity of the whole possession, and deprive families of firesides around which they sat at home for years upon years. Nothing but a corrupt origin, or corruption somewhere in the line of possession, ought to work the overthrow of such a sacred title. Fraud in the origin ought, but nothing else, and such is the law. The eloquent counsel for the plaintiff in error fixed the thought in the mind of this court in a remark not made to be forgotten: "It is neither the length nor the course of the stream—it is the fountain-head that gives character to its waters." Let the thought impressed on our minds by the strikingly beautiful figure be stereotyped on the pages of our reports, but let it be added that the character which an honest mistake gives to future events is not corrupt or fraudulent; whilst, as our own Code prescribes, fraud in the origin of the possession taints the entire sequence with its own impurity.

Considering the entire case in view of all the law and the facts, we conclude, after mature deliberation, that the judgment which protects the long possession of the defendant is right, and it is therefore affirmed.

Judgment affirmed.