## WATERS *v.* DURRENCE.

1. The plaintiff failed to show paper title to the land sued for.
2. While there was evidence that plaintiff's ancestor had been in possession under color for a short time prior to 1861, it was not such possession as had ripened into a prescriptive title.
3. There was evidence that the land sued for had been in the adverse possession of others for more than twenty years before the bringing of the suit.
4. The defendants could avail themselves of paramount outstanding title in third persons, without connecting themselves therewith.

Submitted March 15, — Decided March 31, 1904.

Complaint for land.    Before Judge Evans.    Tatnall superior court.    April 7, 1904.

John W. Waters, as administrator de bonis non of his father, John W. Waters, brought complaint for land against F. W. Durrence and his wife, alleging that William Grice, the original administrator, had disposed of all the estate of John W. Waters, except the land sued for, which had been in the possession of Nancy Waters from the death of John W. Waters, in 1860, as her dower until her death in 1898.    From the evidence it appeared that the land sued for was a part of a tract of 200 acres granted by the State to Brazell in 1802.    There was no evidence that he ever sold this land to Groom, but the plaintiff introduced a deed from Thomas Groom to John Waters, dated December 26, 1848, and recorded April 19, 1899, conveying "200 acres lying on Beard's creek, granted to Jacob Brazell, and having such shape and bounded as represented in a plat of the same."    There was some evidence that John Waters had been in possession of a few acres of this

land for a short time prior to his death, and that 51 acres of property immediately adjoining the same had been set apart as a dower. There was also evidence that Mrs. Waters had been in possession of the 100 acres sued for, from the time of her husband's death, claiming the same as her own. There was other evidence that Mrs. Durrence had been the widow of Simon Waters, a son of John Waters, and as such one of his heirs at law; that Simon Waters had been in possession of the land sued for for quite a long period before his death, and that he claimed title by virtue of some contract under which he was to support his mother during her lifetime. There was no order from the ordinary authorizing the sale of this land by the administrator of John Waters. The plaintiff struck his representative capacity, and allowed the suit to proceed for the recovery of his interest as heir at law of John Waters senior. He moved to have certain persons, all heirs at law of John Waters, made parties plaintiff, which the court refused. At the conclusion of the evidence the court granted a nonsuit, and the plaintiff excepted.

*W. T. Burkhalter* and *Twiggs & Oliver*, for plaintiff.
*James K. Hines,* for defendant.

LAMAR, J. The outstanding paper title was shown to be in Jacob Brazell. There is no explanation as to the circumstances under which Groom acquired title or was authorized to make the deed to John Waters, nor was there evidence of such possession thereunder as to create a prescriptive title in Waters. There was evidence that his widow had been in possession of the land sued for, more than twenty years, claiming it as her own. . Nor could this be referred to the dower estate, because the only evidence on that subject showed that this consisted of 51 acres adjoining. The plaintiff sued as heir at law of his father, and not as heir at law of his mother. He failed to show that his father had title to the land in dispute at the time of his death, or, if so, he showed that the widow's adverse possession had given her paramount title. The defendants were entitled to avail themselves of this paramount outstanding title in a third person without connecting themselves therewith. *Brumbalo* v. *Baxter*, 33 *Ga.* 81; *Jenkins* v. *Southern Ry. Co.*, 109 *Ga.* 35, 41, and cit. This makes it unnecessary to consider whether there was such evidence of ouster

as to warrant the plaintiff to recover in ejectment against his alleged cotenant, Mrs. Durrence, who as an heir at law of Simon Waters was entitled to possession of a part of any land belonging to the estate of John Waters.

*Judgment affirmed. All the Justices concur.*