## LaRoche v. Falligant.

Beck, J. 1. In order for prescription to be a foundation of a valid title, there must be actual adverse possession for the period of twenty years, unless such possession is under color of title, in which case the period of time is reduced to seven years; and in the event possession is asserted to have been under color .of title. the actual limits described in the writing set up as color will not be extended to embrace other land, not included in the writing, merely because such land lying beyond the limits described in the writing has been taken possession of under a mistake and occupied' for over seven years, though the party seeking to prescribe acted in good faith in extending his possession beyond the limits of the tract of land actually defined in his conveyance to contiguous land.

2. So far as the cases of *Riley* v. *Griffin*, 16 *Ga.* 141 (60 Am. D. 726), *Keel* v. *Pace*, 20 *Ga.* 190 (74 Am. D. 58), and *Howard* v. *Reedy*, 29 *Ga.* 152, tend to support the above rule, they are, upon review, reaffirmed; and the question as to whether these cases can be harmonized with the ruling in *Shiels* v. *Roberts*, 64 *Ga.* 370, is not involved in the case at bar, as the last case, so far as it relates to title by prescription, deals with the question of acquiring title by prescription from possession for twenty years.

3. There being evidence which authorized the jury to find that the enclosure erected by the defendant extended beyond the limits fixed in the conveyance under which he claimed, and included a part of the land to which the plaintiff, a coterminous owner, had title unless the prescriptive title asserted by the defendant prevailed; it was not error, as against the defendant, for the court to charge: "If you find that the lines are as contended by the plaintiff, then you would find in her favor, unless you find that, with knowledge, she has acquiesced in the lines set up by the claim of the defendant, for a period of seven years or more."

4. In order for a defendant, in complaint for land, to secure the benefit of the act of December 21, 1897 (Acts 1897, p. 79), which provides that the value of permanent improvements placed upon the land by one who is in bona fide possession under an adverse title may be set off against the value of the land, if such permanent improvements exceed the value of mesne profits, he must file a proper plea, setting forth not only the value of the land and the value of the mesne profits admitted to be due, but also the value of the permanent improvements which it is claimed the possessor has placed on the land. See *Moore* v. *Carey*, 116 *Ga.* 28 (42 S. E. 258). *Judgment affirmed. All the Justices concur.*

Argued January 10,—Decided May 13, 1908.

Complaint for land. Before Judge Cann. Chatham superior court. May 29, 1907.

*Osborne & Lawrence* and *T. S. Basinger,* for plaintiff in error, asked that the cases in 16 *Ga.* 141, 20 *Ga.* 190, and 29 *Ga.* 152, be reviewed; and cited 64 *Ga.* 370; 44 *Ga.* 607; 99 *Ga.* 791; 119 *Ga.*

933-4; 21 Am. Dec. 680; 67 Am. St. R. 151; 11 Id. 845; 22 Id. 736; 64 Pac. 936; 21 L. R. A. 830; 9 *Ga.* 443; 59 U. S. 50; 148 U. S. 301-10; 67 *Ga.* 556; 116 *Ga.* 141, 150; Civil Code §§ 3247, 3248; 118 *Ga.* 278-9.

*Travis & Travis,* contra, cited, besides cases cited in the decision, *Ga. R.* 99/766; 73/51; 44/607; 15/545 (2); 119/930, 933; 127/-107; 118/277; 87/727; 123/33; 1 Cyc. 1089-90, 1037-8, 630; 940-1; 3 DeG., F. & J. 58, 74; Civil Code, §§ 3247-8; 45 *Ga.* 164.