### 11222. WRIGHT v. THE STATE.

The evidence did not authorize a finding that the accused had intoxicating liquor in his possession or control, and the conviction must be set aside.

DECIDED APRIL 13, 1920.

Indictment for misdemeanor; from Wilkes superior court — Judge Walker. December 13, 1919.

*Clement E. Sutton,* for plaintiff in error.

*R. C. Norman, solicitor-general,* contra.

LUKE, J. The accused was indicted for possessing intoxicating liquors. The sheriff testified that he found "a still" (and it may be assumed, for present purposes, that it was a whisky still) on another person's land, from which a well-beaten path led to the home of the accused; that on approaching the house of the accused, who was a negro, he saw an unknown white man run from it, that on entering it the witness found that the accused was away from home, but his sister and another woman were present; that on searching the house he found a small quantity of whisky concealed between the mattresses on a bed, and "also found in an old tub, with some water in it, a suit of overalls, which had smut on them and stains that looked like they were caused by some one working around a still." The sister of the accused testified to the name of the white man and to his flight upon the sheriff's approach, and that he had come to the house only a few minutes before the sheriff came, during her brother's absence from home, and had brought the whisky with him, and was about to make himself a toddy, when, seeing the sheriff approach, he hid the whisky where the sheriff found it, and then ran.

The testimony of the State's witness, standing alone, did not demand a conviction. But the testimony of the defendant's witness, who was unimpeached, and whose testimony was uncontradicted and was corroborated in material particulars by the testimony of the State's witness, did, when considered alone, demand an acquittal. The evidence did not authorize the defendant's conviction. Penal Code (1910), § 1010; *Smith* v. *Atlanta, 12 Ga. App.* 816 (78 S. E. 472); *A. C. L. R. Co.* v. *Drake, 21 Ga. App.* 81 (4) (94 S. E. 65).

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*