## WAXELBAUM *et al. v.* GUNN.

ATKINSON, J. The plaintiffs and defendant own adjoining lots fronting on a public street in the City òf Macon, deriving their titles through successive conveyances from a common grantor. On the 14th day of May, 1890, their respective predecessors in title, for a valuable consideration, mutually agreed and covenanted (running with the remainder of both of the lots, and obligatory not only upon the parties, but their heirs, administrators and assigns) for the building of a " party-wall " on the dividing line between the two lots, beginning at the intersection of the dividing line and the public street and running back on said line of division 170 feet more or less. The lot owned by the plaintiffs has never been improved, except by a small structure not extending to the lot line in question. On the lot owned by the defendant there was erected in the year 1890, and is still standing, a two-story brick building fronting on the public street. The wall erected' in pursuance of the agreement extends two feet over the line on the plaintiff's lot, thus occupying a strip of 14 inches not authorized under the above-stated mutual agreement.  The wall was built in good faith, and was intended and believed to have been erected in accordance with the said " party-wall " agreement. Since the erection of the building the plaintiffs and their predecessors in title have each and all been sui juris and laboring under no disabilities, were cognizant of the construction, and have daily passed said building. There has been no change whatever in the building since 1890 until the present time, and it has been in the plain view of every person passing along that part of the street. The defendant and his predecessor, since 1890, have had actual, quiet, uninterrupted, and continuous possession, exercising complete ownership and control over the strip of land in question and the building thereon, and said possession did not originate in fraud, but did originate in a mistake of fact as to the true line between the lots when said building was erected. On the 17th day of October, 1916, the plaintiff filed against the defendant a suit in ejectment to recover the aforesaid fourteen-inch strip of land. The case was submitted, on a stipulation that the facts above stated were true, to the judge of the superior court, with authority to pass on and decide all questions of law and fact. The trial judge found that the possession of the defendant was adverse and after twenty years uninterrupted possession had ripened into title, and accordingly rendered judgment in favor of the defendant. The plaintiffs excepted. It is admitted by both parties that the only question involved is whether twenty-years adverse possession under claim of right, though originating in mistake, will ripen into a good title by prescription. *Held:*

1. The court did not err in finding for the defendant. Actual adverse possession of land under a claim of right for twenty years, though originating in mistake, will ripen into good prescriptive title against all the world except the State and persons not sui juris. Such possession

must be public, continuous, exclusive, uninterrupted, and peaceable, be accompanied by a claim of right, and must not have originated in fraud. *Shiels* v. *Roberts*, 64 *Ga.* 370 (3).

2. The plaintiffs formally request that we review and overrule the decision in *Shiels* v. *Roberts*, supra, in so far as it is in conflict with the principles laid down in *Riley* v. *Griffin*, 16 *Ga.* 141, 145 (60 Am. D. 726); *Keel* v. *Pace*, 20 *Ga.* 190; *Howard* v. *Reedy*, 29 *Ga.* 152 (74 Am. D. 58); *LaRoche* v. *Falligant*, 130 *Ga.* 596 (61 S. E. 465). The latter cases involve prescription based on seven-years possession under claim of title, where the possession covered also land not included in the written instrument, and the contest was over the excess land and not that included in the instrument. The case of *Shiels* v. *Roberts*, supra, does not involve that question, but is based solely on twenty-years adverse possession without written title. On review the request to overrule is denied. *Judgment affirmed. All the Justices concur.*

No. 1587. SEPTEMBER 15, 1920.

Ejectment. Before Judge Mathews. Bibb superior court. July 14, 1919.

*Hardeman, Jones, Park & Johnston,* for plaintiffs.

*Gunn & Powers,* for defendant.