## HERRINGTON v. WIMBERLY.

No. 9221. MAY 11, 1933. REHEARING DENIED SEPTEMBER 14, 1933.

*Sam E. Murrell* and *K. R. Murrell,* for plaintiff.
*Frank A. Hooper,* for defendants.

BELL, J. Mrs. H. S. Herrington brought suit against Mrs. W. F. Wimberly Jr., and Paul Doyal "as tax-commissioner of the State of Georgia," to recover a money judgment against Mrs. Wimberly, and to obtain an injunction and receivership with respect to the salary being earned by her as an employee of the State in the department of the tax-commissioner. The court sustained general demurrers severally filed by the defendants, and dismissed the peti-

tion; and the plaintiff excepted. As to the indebtedness of Mrs. Wimberly, the plaintiff alleged the following facts: The plaintiff with this defendant executed to Mrs. Carrie M. Selkirk a joint promissory note for the sum of $500, upon which the payee obtained judgment and execution against the plaintiff and Mrs. Wimberly in the sum of $722.55, including principal, interest, and costs. The plaintiff has paid the sum of $450, which is more than her share or just proportion of the joint indebtedness, and it is prayed that Mrs. Wimberly be required "to pay to your petitioner and to contribute her pro rata share toward the payment of said execution and judgment." The petition made the following allegations as basis for the prayer for injunction and the appointment of a receiver. The defendant Mrs. Wimberly is employed by the tax-commissioner at a stated salary; and being thus employed in a governmental department, her salary is not subject to garnishment. She has no visible property "upon which petitioner could enforce her right against the said defendant," and "the only manner in which petitioner could enforce her right of contribution . . is for a receiver to take over and collect the salary" of this defendant. It was prayed that Mrs. Wimberly be enjoined from collecting such salary, and that Doyal as tax-commissioner be required to pay the same to a receiver to be appointed by the court.

■ Considering the facts in their inverse order, we have no hesitancy in holding that the petition failed to set forth a cause of action for the grant of an injunction or the appointment of a receiver. The salary of Mrs. Wimberly as an employee in a governmental department was not subject to the process of garnishment. *McLellan* v. *Young*, 54 *Ga.* 399 (21 Am. R. 276). Nor could the defendant Doyal in his official capacity as tax-commissioner be required to answer such a process. *Morgan* v. *Rust*, 100 *Ga.* 346 (28 S. E. 419); *Southern Mining Co.* v. *Lowe*, 105 *Ga.* 352 (31 S. E. 191). The same policy which prevents the garnishment will deny the right to injunction and receivership with respect to such salary. *McConnell* v. *Floyd County*, 164 *Ga.* 177 (9) (137 S. E. 919). The petition failed to state a cause of action for any relief as against the defendant Doyal, and as to him the court did not err in sustaining the demurrer and dismissing the petition.

■ One of the contentions of counsel for Mrs. Wimberly makes it necessary to refer to an exhibit attached to the petition, in the

nature of a contract made by Mrs. Herrington and Mrs. Wimberly with other parties, from which it appeared that the note referred to in the petition was given for part of the purchase-money of a certain business bought by Mrs. Wimberly and thereafter sold by her to Mrs. Herrington. It is insisted that it appears from this exhibit that the payment of the note was assumed by Mrs. Herrington, and that for this reason she would not be entitled to contribution from Mrs. Wimberly. The petition shows that the note was signed both by Mrs. Wimberly and Mrs. Herrington, and alleges that it was a joint obligation. While the copy of the contract attached to the petition does show that the business was resold to Mrs. Herrington, it is silent as to whether Mrs. Herrington assumed the balance of the purchase-money due by Mrs. Wimberly thereon, and it does not appear either that the parties were not equally liable on the note as alleged, or that the liability as between the obligors was in any wise changed by subsequent agreement. According to the allegations, which are not disproved by the exhibit, Mrs. Herrington was as to Mrs. Wimberly liable for only one half of the amount of the note, and she has paid substantially more than this amount. The Civil Code, § 4588, provides: "In cases of joint, or of joint and several, or of several liabilities of two or more persons, where all are equally bound to bear the common burden, and one has paid more than his share, he is entitled to contribution from the others." Under the principle thus stated, the petition set forth a cause of action for a recovery of the difference between half of the indebtedness and the larger amount paid by Mrs. Herrington. The amount of this difference may be calculated from the facts alleged.

It is further insisted that the petition is fatally defective, because it does not appear that the plaintiff has paid off the entire indebtedness and caused the fi. fa. to be transferred to her, as required by the Civil Code, § 5971. There is no merit in this contention, and the cases cited in support of it (*Cureton* v. *Cureton*, 120 *Ga.* 559, 48 S. E. 162; *Warthen* v. *Mellon*, 132 *Ga.* 113 (3), 63 S. E. 832, 131 Am. St. R. 184) are not in point. The plaintiff is not seeking to control the fi. fa., but the petition is based upon the theory of an implied contract upon the part of the defendant to bear her proper share of the common burden. *Sherling* v. *Long*, 122 *Ga.* 797 (50 S. E. 935). In such a case it is unnecessary to show that the common debt has been paid in full either by the

plaintiff or by any other person. In some of the decisions there are expressions which might imply that the whole debt must be paid before an action for contribution will lie, but such was not the rule at common-law, nor is there any such requirement under the Code. See, in this connection, Sawyer v. Lyon, 10 Johns. (N. Y.) 32; Kalamazoo Trust Co. v. Merrill, 159 Mich. 649 (124 N. W. 597); Pixley v. Gould, 13 Ill. App. 565, 569; 5 Pom. Eq. Jur. 5178, § 2341. Even though a plaintiff may sue for too much, the petition is not subject to general demurrer if it states a cause of action for a definite part of the amount claimed. *Mayor &c. of Athens* v. *Smith,* 111 *Ga.* 870 (2) (36 S. E. 955); *Douglas &c. Ry. Co.* v. *Swindle,* 2 *Ga. App.* 550 (59 S. E. 600). It is further true that where a plaintiff is seeking both legal and equitable relief and states a cause of action at law, the petition should not be dismissed in its entirety merely because it fails to allege sufficient facts to authorize the grant of the equitable relief sought. *Gillis* v. *Hilton & Dodge Lumber Co.,* 113 *Ga.* 622 (2) (38 S. E. 940); *Neal Lumber & Mfg. Co.* v. *O'Neal,* 175 *Ga.* 883 (166 S. E. 647). The court erred in sustaining the general demurrer filed by Mrs. Wimberly.

*Judgment affirmed in part, and reversed in part. All the Justices concur.*

### ON MOTION FOR REHEARING.

BELL, J. It is contended that certain facts were overlooked in the decision of this case. It is true that the facts were not stated with absolute fullness, and also that by inadvertence some inaccurate references were made; but there was no such material variation as should require a different judgment. The entire history of the transaction so far as it appears from the petition and exhibits was as follows: After the business was sold by Mrs. Selkirk to Mrs. Wimberly and a mortgage and notes were, on July 14, 1926, executed by the latter for the purchase-money, Mrs. Wimberly sold the business to Mrs. Herrington. Later Mrs. Herrington was desirous of selling to Miss Young. The resale by Mrs. Wimberly was in violation of a stipulation not to sell without the consent of Mrs. Selkirk, and by the terms of the agreement would have accelerated the maturity of the notes. In order to avoid this result, and also to allow the proposed sale to Miss Young, a new agreement was executed between Mrs. Selkirk of the one part, and Mrs. Wimberly, Mrs. Herrington, and Miss Young of the other part, in which

it was stipulated by the three last named that "in consideration of forbearance by the said Mrs. Selkirk in refraining from foreclosure of said mortgage which the said Mrs. Selkirk by the terms of said contract [the original contract of purchase] has the right to do, . . the undersigned hereby assume the payment and guarantee the payment of $1000 referred to in said contract of the dates set forth in said contract and in the notes given in accordance with said contract," the agreement being signed on February 7, 1927, in consecutive order by Mrs. Herrington, Miss Young, and Mrs. Wimberly. It also appears that the note for $500 referred to in the petition was originally signed only by Mrs. Wimberly, but that an entry was subsequently made and signed thereon as follows:

"In consideration of the extension of time of payment of within note to Sept. 1, 1929, we hereby guarantee the payment of same upon said maturity of Sept. 1, 1929. This August 31, 1928. [Signed] Mrs. H. S. Herrington (L. S.) Bessie M. Young (L. S.) Mrs. Wm. F. Wimberly Jr. (L. S.)."

The foregoing is the substance of what appears from the exhibits. The facts would seem to show that if contribution is to be had, the plaintiff should look not only to Mrs. Wimberly but also to Miss Young, and that the contribution from Mrs. Wimberly would therefore be in a lesser proportion than was claimed in the petition. In such case the measure of the recovery would be only half as much as was indicated in the original opinion by this court, and the decision is modified to this extent. As previously stated, the fact that the plaintiff may have sued for too much would not render the petition subject to general demurrer; and, regardless of what may be the actual truth of the case, the allegations are to be taken at face value when considered on demurrer.

According to the exhibits, Mrs. Wimberly was the original debtor, and in the sale by her to Mrs. Herrington it could have been agreed either that she herself would retire the indebtedness, or that Mrs. Herrington would do so. The record does not affirmatively show that Mrs. Herrington undertook to pay the debt as a part of her contract of purchase, or that she at any time thereafter agreed with Mrs. Wimberly to assume the same in its entirety. There is no presumption in Mrs. Wimberly's favor that the debt was assumed as contended by her; and the petition and exhibits being silent upon the point, the onus will rest upon her to establish such fact as

a defense. Whether parol evidence will be admissible for this purpose is not a question for decision at this time. We are still of the opinion that the petition stated a cause of action for the recovery of some amount, and therefore that the court erred in sustaining the general demurrer of Mrs. Wimberly.

Rehearing denied. All the Justices concur.