BRIDGES *v.* BRACKETT *et al.*

638

No. 16717.  July 14, 1949.

*E. C. Brannon* and *B. F. Whelchel,* for plaintiff.

*Wheeler, Robinson & Thurmond* and *Emory F. Robinson,* for defendants.

HAWKINS, Justice. (After stating the foregoing facts.) ∎ The special demurrers were sufficiently met by the amendment filed by the plaintiff, and the question here presented and argued by counsel for both the plaintiff and defendants is whether the trial court properly sustained the general demurrer and dismissed the petition. The description contained in the deed from Martha Saine to the plaintiff, and set out as an exhibit, is as follows: "All that tract or parcel of land lying and being in: Eleventh District and First Section of Lumpkin County, Georgia, lots of land No. one eight more or less of lot No. nine hundred and twenty-nine, being the southwest corner of said lot. Said conditional line being the center of the cross fence running east and west one half of nine hundred and forty-three more or less, being the east half, and adjoins the lands of George B. Gaddis on the west three-fourths more or less of nine hundred and forty-four (944), said conditional line being the center of the public road running north and south through said lots except what has been deeded to J. A. Fortner, said conditional line starting at a blackgum tree on the left-hand side of public road running and said line running to west to a maple tree on the branch, thence west thru 943, 944 to the top of a ridge at George B. Gaddis line containing 62 acres more or less."

The foregoing description does not specifically refer to lot 1002. Can it be said that this faulty and indefinite description, by any sort of construction thereof, includes any portion of this lot? This court takes judicial cognizance of the fact that land lots 929, 943, 944, and 1002 in the Eleventh District and First Section of Lumpkin County, Georgia, are all in the form of a square and contain 40 acres each. *Stanford* v. *Bailey,* 122 *Ga.* 404 (50 S. E. 161) ; *Darley* v. *Starr,* 150 *Ga.* 88 (102 S. E. 819) ; *Guess* v. *Morgan,* 196 *Ga.* 265 (26 S. E. 2d, 424). The map of this district on file in the office of the Secretary of State shows that lot 944 is immediately south of lot 929, that lot 943 is immediately west of lot 944, and lot 1002 is immediately south of lot 943. With these lots occupying the positions with respect to each other as thus indicated, by no possible construction of the description contained in the deed relied upon by the plaintiff can it be made to include any portion of land lot 1002. By no possible running of the boundaries as called for by the deed can

they be made to include any portion of this lot; and the deed not purporting to convey any portion of lot 1002, if the plaintiff's case were based solely on the claim of paper title to the 28 acres in lot 1002 under this deed, the petition as amended would be subject to general demurrer. But such is not this case. In addition to alleging paper title under this deed, the plaintiff alleges that at the time he received this deed in March, 1918, he went into actual adverse possession of the 28 acres in lot 1002 under a claim of right, "and has remained in public, peaceable, actual, exclusive, and uninterrupted possession thereof since said date," a period of approximately 31 years, and that he is now in possession thereof, with a part of it in cultivation. He thus alleges a good prescriptive title to the land, for in *Waxelbaum* v. *Gunn*, 150 *Ga.* 408 (104 S. E. 216), it is held: "Actual adverse possession of land under a claim of right for twenty years, though originating in mistake, will ripen into good prescriptive title against all the world except the State and persons not sui juris. Such possession must be public, continuous, exclusive, uninterrupted, and peaceable, be accompanied by a claim of right, and must not have originated in fraud." See also *Shiels* v. *Roberts*, 64 *Ga.* 370 (3); *Montgomery* v. *Trustees*, 70 *Ga.* 38, 44; *Walton* v. *Sikes*, 165 *Ga.* 422 (141 S. E. 188). That the plaintiff may have entered into possession of the land under the mistaken idea that the boundaries of the deed included the land would not prevent such adverse possession ripening into a prescriptive title in 20 years, nor would such mistake render the possession fraudulent, for an honest mistake as to the true line is not fraud. *Shiels* v. *Roberts*, supra; *Waters* v. *Durrence*, 119 *Ga.* 934 (47 S. E. 216). We hold that in this case the petition, alleging prescriptive title by 20 years' adverse possession, was not subject to the general demurrer, and that the trial court erred in sustaining it. *Downing* v. *Anderson*, 126 *Ga.* 373 (55 S. E. 184). Had the plaintiff's petition been based upon 7 years' possession under color of title, or upon constructive possession, the ruling would be different, for in *LaRoche* v. *Falligant*, 130 *Ga.* 596 (61 S. E. 465), it is held: "In order for prescription to be a foundation of a valid title, there must be actual adverse possession for the period of twenty years, unless such possession is under color of title, in which case the period of time is reduced to seven

years; and in the event possession is asserted to have been under color of title, the actual limits described in the writing set up as color will not be extended to embrace other land, not included in the writing, merely because such land lying beyond the limits described in the writing has been taken possession of under a mistake and occupied for over seven years, though the party seeking to prescribe acted in good faith in extending his possession beyond the limits of the tract of land actually defined in his conveyance to contiguous land." See also *Waxelbaum* v. *Gunn,* supra.

■ It is insisted by counsel for the defendants that, since the petition failed to show paper title in the plaintiff, the whole petition was properly dismissed on demurrer, under the principles announced by this court in *Doyal* v. *Russell,* 183 *Ga.* 518 (189 S. E. 32), *Groover* v. *Savannah Bank & Trust Co.,* 186 *Ga.* 476 (198 S. E. 217), and *W. P. Brown & Sons Lumber Co.* v. *Echols,* 200 *Ga.* 284 (36 S. E. 2d, 762), to the effect that where pleadings are ambiguous or couched in alternative expressions, on demurrer they will be given that construction which is most unfavorable to the pleader, and where two matters are pleaded in the disjunctive, one of which is good and the other not, the petition is to be treated as pleading no more than the latter, and that where any one of several averments alleged in the alternative is insufficient to state a cause of action, the entire pleading is bad and subject to general demurrer. But this case does not come within the principles there announced. The allegations of both paper and prescriptive title appearing in the petition in this case are neither in the disjunctive nor in the alternative, but are in the conjunctive. Allegations are not objectionable where they legally mean the same thing; and where, as in this case, the allegations of a complaint refer to the same ultimate fact, that of title, and each of them is pertinent to the same cause of action, the pleading is not open to the objection that it is alternative. 41 Am. Jur. 317, § 41.

■ Nor was the petition defective in that it failed to comply with the requirements of the Code, § 55-204, with reference to an action to enjoin the cutting of timber. This was not the only relief sought by the plaintiff. In addition to seeking an injunction against the cutting of timber, the petition also alleged

that the defendants were attempting to cut a road through the plaintiff's property and to grade a site for and locate a sawmill thereon, thus constituting a continuing trespass. In *Gray Lumber Co.* v. *Gaskin,* 122 *Ga.* 342 (7) (50 S. E. 164), it is held: "The cutting of timber may be enjoined when the defendant is solvent, the damages are reparable, and the plaintiff has not a 'perfect title,' if there exist 'other circumstances which, in the discretion of the court, render the interposition of the writ necessary.'" See also *Baggerly* v. *Bainbridge State Bank,* 160 *Ga.* 556, 563 (128 S. E. 766); *Key* v. *Stringer,* 204 *Ga.* 869 (52 S. E. 2d, 305).

■ The general demurrer going to the petition as a whole, and the petition having alleged a good cause of action based on prescriptive title by actual adverse possession for a period of more than 20 years, the trial court erred in sustaining the demurrer and dismissing the petition. *Hudson* v. *Hudson,* 119 *Ga.* 637 (1) (46 S. E. 874); *Georgia Peruvian Ochre Co.* v. *Cherokee Ochre Co.,* 152 *Ga.* 150 (108 S. E. 609); *Herrington* v. *Wimberly,* 177 *Ga.* 536, 539 (170 S. E. 670).

*Judgment reversed. All the Justices concur.*