32925. TURNER *et al. v.* HOWSER.

DECIDED JULY 7, 1950.

*W. R. Tucker, Wheeler, Robinson & Thurmond,* for plaintiffs.
*E. C. Brannon, William Butt,* for defendant.

GARDNER, J. ■ It was stipulated in this case in open court and the jury were so charged, that the only question to be determined was the location of the original line between the two lots. That that is the only question in the case is conceded by counsel for the defendant in error in their brief.

On the trial the protestant testified that he claimed only the original line between the lots: "It's the original line I contend for. The original line has never been moved in my fifty-five years that I've been knowing it. The family of these people and I have never had any agreement to shift the line in any way— never had any disagreement anyway until we started this suit."

It is not always the duty of processioners to determine dividing lines as originally fixed between subdivisions of land. As was said in *Bowen* v. *Jackson,* 101 *Ga.* 817, 819 (29 S. E. 40): "Processioners are not charged, under the law as we understand it, with ascertaining and marking such lines as were originally fixed between subdivisions of land, to the exclusion of such lines as have been before the time of processioning established either by the act of the parties or by operation of law."

But in view of the stipulation of the parties as to the line to be found and the testimony of the protestant above quoted, the verdict in this case can not stand if there is unimpeached evidence to show that the line contended for by the protestant can not possibly be the original line as established when the lands were first surveyed by the State. This is the contention of the plaintiff in error, and we believe it is well founded.

There was introduced in evidence a certified photostatic copy of a portion of a plat of the fourth district and first section of originally Cherokee County, now Dawson County, from a survey

made September 25, 1832, the original of which is on file in the office of the Secretary of State. This plat shows the location of the lines as originally determined, and the line in issue in this case, that is, the dividing line between lots Nos. 367 and 314, is shown to be considerably more to the north of a stream, which is identified also by other evidence in the case, than is the protestant's line. There is further discrepancy between the relative location of the original line and the stream as shown on the plat. As found by the jury, the protestant's line, if extended into adjoining lots, would intersect the stream much sooner than it is shown to do on the original surveyor's plat.

The plat on file in the office of the Secretary of State is presumed to show correctly the original divisions of the lands in question into land lots, and to correctly locate the dividing lines between them. See *Stanford* v. *Bailey,* 122 *Ga.* 404 (50 S. E. 161); *Darley* v. *Starr,* 150 *Ga.* 88 (102 S. E. 819); *Bridges* v. *Brackett,* 205 *Ga.* 637 (54 S. E. 2d, 642). See also Code § 40-604. There is nothing in the evidence to rebut this presumption.

It is possible, technically, to reconcile this discrepancy. There was evidence which would have authorized the jury to find that in the course of some hundred years the stream had changed its bed. As to the probability of a stream in mountainous country changing its bed in so short a time as to move so much nearer a land line we forbear to comment (such being doubtless not squarely within the four corners of the jurisdiction of this court). Hence it is not so much on this discrepancy as on another that we feel the judgment should be reversed on the general grounds.

If, as stipulated, the line sought to be re-established was the original line between the lots, such line would have to tie in with other original lines of the district as shown by the plat above referred to. This the protestant's line does not do.

The official county surveyor testified that, between the second and third trials of the case, he checked the line fixed by the processioners in the following manner: He went ten lots to the west of the property in dispute and began a survey eastward of the original lot lines from an undisputed corner. From that corner he surveyed eastward across three lots to another un-

disputed corner, and from this corner seven lots eastward on the same original line to the squared pine fixed by the processioners as the west end of the line in dispute. This testimony stands undisputed by the record.

"If material to the issue between the parties, the uncontradicted testimony of an unimpeached witness can not in any case be arbitrarily disregarded by any tribunal, whether judge or jury, whose duty it is· to consider the evidence and decide the issue in accordance therewith." *Atlantic Coast-Line R. Co.* v. *Drake*, 21 *Ga. App.* 81 (94 S. E. 65). See also *Wright* v. *State*, 25 *Ga. App.* 176 (102 S. E. 834).

■ Since the judgment is being reversed on the general grounds for the reasons stated in division 1. of the opinion, the assignment of error in the special ground on an excerpt from the charge of the court is not passed on.

*Judgment ˙reversed. MacIntyre, P.J., and Townsend, J., concur.*