34499. MATTHEWS *v.* SIMMONS.

DECIDED FEBRUARY 21, 1953—REHEARING DENIED MARCH 10, 1953.

736

*Wm. A. Thomas,* for plaintiff in error.

*Mrs. R. Pruden Herndon,* contra.

GARDNER, P. J. 1. The evidence authorized the jury to find that the defendant and her husband, V. S. Matthews Sr., owned and ran jointly the Matthews Cafe, and that this money was borrowed from the plaintiff's husband for use in this business. In fact there is a notation on the note that a refrigerator in said cafe was pledged by the defendant as security. The evidence did not demand a finding in favor of the defendant on the ground that the note was signed to secure a loan to the defendant's husband and therefore was not binding on her.

2. While the evidence was conflicting as to whether the note had been paid, the jury were authorized to find that this note, which bore no credits thereon, had not been paid, and that the plaintiff, as the widow and sole heir of the payee of the note, her husband, was entitled to bring suit and recover thereon.

3. The verdict was not contrary to the law and the evidence because, as contended by the defendant, the jury in rendering it disregarded entirely the unimpeached testimony of Winifred Smith Giddings, a witness for the defendant, to the effect that there had been payments made on the note sued on. There was evidence from which the jury were authorized to find that the note had not been paid. The testimony of the witness referred to was not positive as to whether the money paid in her presence by the defendant's husband to the plaintiff's husband was paid on the note sued on or paid on some other indebtedness.

The evidence for the plaintiff showed that there had been several money transactions between these two, prior to the giving of this note. In these circumstances, we do not think that the principle announced in such cases as *A. C. L. R. Co.* v. *Drake,* 21 *Ga. App.* 81 (4) (94 S. E. 65), and *Turner* v. *Howser,* 82 *Ga. App.* 88, 92 (60 S. E. 2d, 505), is controlling here.

It follows that the trial court did not err in overruling the defendant's motion for new trial, based only on the general grounds.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*