40362. MOTE, by Next Friend v. SEITZ.

DECIDED OCTOBER 28, 1963—
REHEARING DENIED NOVEMBER 19, 1963.

*Herbert Edmondson,* for plaintiff in error.

*Telford, Wayne & Greer, Jeff C. Wayne, Brannon, Brannon & Schuder, Everett C. Brannon, Jr.,* contra.

RUSSELL, Judge. ■ Ground 4 of the amended motion for a new trial assigns error on the admission in evidence of "defendant's Exhibit 2." The exhibit is not attached to nor otherwise described or identified in the recitals of fact in this special ground, nor is there any reference to its location in the record by page number. The ground is accordingly too incomplete for consideration. *Mutual Benefit Health &c. Assn. of Omaha v. Hickman,* 100 Ga. App. 348, 364 (111 SE2d 380). Ground 6, which complains that the judgment entered in this case is broader than the verdict and the relief sought by the prayers of the petition, cannot be considered. There is no exception to the form of the judgment in the bill of exceptions, and an assignment of error that the judgment does not conform to the verdict and issues in the case is not a proper ground of a motion for new trial. *Barber v. Barber,* 157 Ga. 188 (121 SE 317); *Ray v. Woods,* 93 Ga. App. 763 (92 SE2d 820).

■ The defendant's answer was amended so as to claim title by prescription to the property in dispute, and error is assigned in the fifth special ground on the court's charge on the elements of prescription on the ground that there was no evidence in support of this defense. The plat introduced by the plaintiff shows that the true line as claimed by him runs through a barn and chicken house belonging to the defendant, and that there is a barbed wire fence running for a part of the distance in an east-west direction some distance south of the barn. The defendant testified: "This is my land lot and this is Mr. Motes', my house sits in this area and my chicken house is there. There

is a fence back here. I have a wire fence back of my house between Mr. Motes' and myself. It is not down here where the house is, but up here. The fence has been there 31 or 32 years. I have a cultivated field back of my house, I have cultivated it since I bought it. [Seitz testified that he purchased and moved to the property in 1926; this case was tried in March, 1962]. I did at one time have a strawberry patch up there. My boy built a house in that area about 15 years ago. The line Mr. Wicht ran took in the old house place and the cultivated field, it came right through the pasture and took 260 feet of the chicken house. No one ever raised a question about the line before." The county surveyor testified: "I began at this point, I ran north a quarter of a mile. It is a land lot. Following that I ran east one mile. The last quarter is through Mr. Seitz' lot. Most of the south side of Mr. Seitz' lot is pasture. On the southeast corner of Mr. Seitz' lot is woods and maybe a little waste land on the southwest corner. The pasture has been there about 25 years."

One of the arguments advanced by the plaintiff is that this and similar testimony does not show that the defendant was in actual physical possession of *all* the land between the boundary line as contended for by him and the boundary as contended by the plaintiff. "Actual possession for twenty years, if continuous, adverse, peaceable, and accompanied by claim of right, gives prescriptive title to the land so actually held, but does not extend beyond it." *Ford v. Williams*, 73 Ga. 106. It is undoubtedly true that the defendant's evidence would have been insufficient to establish that he was entitled to the strip running the entire width of the disputed area between Land Lots 469 and 470; it was, however, amply adequate to show that as to a large portion of this area he had acquired title by possession as shown by fencing, pasturing, and so forth. Thus, the evidence sustained at least a part of this defense. It was not error to give the instruction in question, which is avowedly correct as an abstract principle of law. As the amendment itself, together with the evidence in support of it, was admitted without objection, the instruction was authorized.

■ After verdict, the evidence is to be construed most favor-

ably to the prevailing party, and all conflicts resolved in favor of the verdict. *Whatley v. Henry,* 65 Ga. App. 668 (10) (16 SE2d 214). The rule that contradictory or equivocal testimony will be construed against the propounder is limited to the parties to litigation themselves. *Partain v. King,* 206 Ga. 530 (57 SE2d 617). The plaintiff here testified positively that his property line, which was the land lot line between himself and the defendant, was located south of his pasture and fence, and had been so considered by everybody, including the plaintiff's predecessors in title, except the plaintiff himself. This testimony was supported by the evidence of two surveyors. The plaintiff also introduced two plats and the testimony of two surveyors in evidence, and without setting out this bulk of material in detail it becomes obvious from all the evidence that there is a likelihood that the land in the 12th District of Lumpkin County lacks somewhat in area that shown by the original plats. If this is true, it also becomes obvious that where the shortage falls depends upon whether the survey is run from a recognized corner lying on one side of these land lots, or from a corner lying in another direction. Davis, for example, testified that the Boat Landing corner, the beginning point of the survey on which the defendant primarily relied, had been in its present location to his knowledge since the 1920's, and while he said on cross examination that he did not know of his own knowledge whether it was an original corner or not, he also testified that it had been recognized as an original corner by adjoining lot owners for over 30 years. Such testimony is admissible, its weight to be determined by the jury. *Code* § 38-313; *Shuman v. State,* 84 Ga. App. 585 (1) (66 SE2d 152).

In *Turner v. Howser,* 82 Ga. App. 88 (60 SE2d 505), which was a processioning case, it was pointed out that if the line sought to be established was an original line between two land lots it would have to tie in with other original land lot lines of the district as shown by the original plats in the office of the Secretary of State, and in that case there was uncontradicted evidence that only the line as claimed by the applicant met this condition. In the present case there are corners sufficiently identified to be regarded by the jury as original corners both

east and west of the land lots in question, but the surveys are in conflict depending upon which of these corners was used as a beginning point. There is accordingly such a conflict in the evidence as to have authorized a finding for either party. The land lots as platted in the office of the Secretary of State are of course unhelpful from the standpoint of determining where the lines fall when surveyed on the ground. The burden was on the plaintiff to prove by a preponderance of evidence that the true line ran as contended by him, and such line would have placed in the land lot covered by his deed at least some land on which the defendant had erected buildings, pastured cattle, and cultivated a farm garden for a long period of time. The jury, without deciding in favor of the line as contended by the defendant, might simply have returned a defendant's verdict on the ground that the plaintiff had not convinced them by a preponderance of evidence that the line claimed by him was correct. It is true that the judgment entered up contains a finding that the true line is as claimed by the defendant; whether or not this was error we cannot decide as there is no proper exception to the judgment.

The trial court did not err in overruling the motion for a new trial.

*Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*