40622.   WALLACE v. EVANS.

Decided April 22, 1964—Rehearing denied May 8, 1964.

*Hammond Johnson, Jr., Howard T. Overby,* for plaintiff in error.

*Wheeler, Robinson & Thompson, Emory F. Robinson, B. Carl Buice,* contra.

FELTON, Chief Judge. ■ At the pre-trial conference the parties stipulated what the forms of possible verdicts should be, as follows: "(1) We, the jury, find in favor of the return of the processioners. (This would establish the processioners' line.) (2) We, the jury, find against the return of the processioners. (This would establish protestant's line.)." A proper decision of this case depends on the construction of the pre-trial stipulation as to the forms of the possible verdicts which could be rendered under the evidence. Taken at face value, it meant that if the jury found in favor of the line marked by the processioners, judgment should be rendered for the line contended for by the applicant. This would be the proper legal judgment under such a finding without stipulation and the protestant could appeal from the verdict and judgment if they were unauthorized. The stipulation, on its face, also means that if the jury found against the return of the processioners the consequence of such finding would be to establish the line contended for by the protestant. Under this latter part of the stipulation a finding against the processioners' line would have the effect of establishing the line contended for by the protestant without proof. We do not think that the stipulation was intended to mean that either party waived his right to except to a verdict not authorized by the evidence. As to the effect of such an agreement see *Sanders v. White,* 22 Ga. 103, 104. The jury was authorized to find against the processioners' line because under some of the evidence the jury was authorized to find that the processioners' line was established from the deed of the applicant based on an agreement between the then adjoining owners, rather than on the

evidence presented establishing the line independently of the deed. Under the stipulation when the jury decided against the processioners' line it was required to ascertain whether the line contended for by the protestant was established under the evidence and law because under the stipulation a finding against the processioners' line was automatically a finding establishing the protestant's line and that is true under the verdict actually rendered which stated: "We, the jury, find in favor of the protestant, R. E. Evans, and against the processioners." The evidence did not demand a finding for the applicant because the jury was authorized to find that the processioners marked the line by the description in applicant's deed alone. If the jury actually sought to fix the protestant's line in accordance with the evidence and the law, there was no evidence authorizing a finding that the *entire line* claimed by the protestant was established by acquiescence for seven years or adverse possession for seven years, by either or both methods. The ruling in *Mote v. Seitz,* 108 Ga. App. 667 (134 SE2d 516) is not authority for the proposition that only a part of a line has to be established. At first blush the case seems to so hold (headnote 2) but a reading of exactly what that headnote holds plus the ruling that on the general grounds the verdict was authorized because a finding against one line does not ipso facto establish another will clearly show that the court did not intend to rule that proof of partial lines was sufficient.

■ It was error for the court to charge the jury on the subject of the acquisition of land by adverse possession when there was not sufficient evidence to find that all of the line contended for by the protestant not proved by acquiescence was proved by adverse possession.

■ It was not error for the court to exclude from evidence a security deed from the applicant to the Federal Land Bank which described the lands of the applicant as shown by applicant's deed and other evidence. The contention by the applicant that the deed was admissible is that B. H. Couch was at the date of the execution of the deed a coterminous landowner of the applicant and Couch's witnessing of the execution of the deed as a notary public constituted acquiescence in the line and an agree-

ment thereto. Without expressing any opinion as to whether under any circumstances such proof could be used for the purpose here intended the deed was obviously inadmissible when it was not proved that B. H. Couch read it, knew what was in it, or even knew what kind of deed it was, to whom it was made and what it conveyed.

■ There is no merit in ground 3 of the amended motion for new trial. The objection to a witness's giving an opinion which contradicted a deed, among others, presents no question for decision here because the ground does not show to what deed reference was made. It is suggested that the witness was referring to protestant's deed rather than to the applicant's.

■ Ground 4 of the amended motion for new trial is incomplete because, for one reason, it is based on the testimony the admission of which is complained of in ground 3.

The court did not err in overruling the applicant's motion for a judgment n.o.v. The court erred in overruling applicant's motion for a new trial.

*Judgments reversed in part; affirmed in part. Frankum and Pannell, JJ., concur.*